THE PEOPLE, *ex rel.* Wm. B. Belch, and said Belch, *vs.* CHARLES BEARFIELD.

Where the law creating an office, designates the power which is to appoint and remove the incumbent, but fixes no form of proceeding, and requires no trial to precede a removal; contains no requirement as to the grounds of removal, except that there shall be *credible information* of neglect of duty; and gives no right of appeal or review; the supreme court has no authority to review the exercise of the discretion vested in the officer.

The decision in *The People ex rel. Platt* v. *Stout* (19 *How. Pr. Rep.* 171) approved and followed.

THE object of this action was to establish the relator's right to the office of bell ringer, in the city of New York, and to oust the defendant therefrom.   The complaint alleged that the office of bell ringer, in the city of New York, was held and exercised in districts known as fire districts in said city, pursuant to section first of an ordinance of said city, entitled an ordinance dividing the city of New York into fire

districts, approved November 25th, 1850, viz: "The city of New York shall be divided into eight fire districts." That the defendant, without any legal warrant, authority, or right whatever, had for the space of eleven months last past, and since the 17th day of January, A. D. 1860, held, used and exercised said office in the sixth fire district in said city, and still does hold, use and exercise the same; and during said time had excluded, and still does exclude said Belch therefrom, and from all the rights, fees and emoluments thereof, and without legal warrant or authority had claimed, received and enjoyed all the rights, franchises, fees and emoluments belonging to said office, which rights and franchises the said Charles Bearfield had usurped and unlawfully held and exercised, and does still unlawfully hold and exercise within said city, to the great damage of the people of the state of New York. The plaintiffs further stated that William B. Belch, of said city, was rightfully entitled to said office, and to all rights, franchises and emoluments thereof; and was and has been so entitled, on and since the 24th day of February, A. D. 1854, as hereinafter set forth, and during all the time aforesaid; and in order to state and set forth the right and title of said Belch thereto, and that said Bearfield has no right or title thereto, the plaintiffs further stated that section first of an ordinance of the city of New York, entitled "An ordinance for the appointment of bell ringers at the several district fire alarm bells," approved October 15th, A. D. 1853, provides as follows: "The mayor of the city of New York shall appoint three persons to act as bell ringers at each of the different alarm districts in the city of New York: such persons shall be selected from among the exempt firemen of the city." That section second thereof provides as follows: "The bell ringers so appointed shall receive as remuneration for their services the sum of five hundred dollars each per annum, and shall be subject to removal by the mayor for misdemeanor, or negligence of duty." And the plaintiffs further stated, that the alarm districts mentioned in

said ordinance, refer to and signify the fire districts aforesaid. That by virtue of said ordinance, and on the 24th day of February, A. D. 1854, the said William B. Belch, who was then, and still is, one of the exempt firemen of said city, was duly appointed by the mayor of the city of New York, bell ringer in the fourth fire district in said city, and thereupon took the oath of office as required by law, and entered upon the duties of his said office; and that subsequently and prior to the 17th day of January, A. D. 1860, he was duly transferred to the sixth fire district in said city. That since the appointment of said William B. Belch on the 24th day of February, 1854, to the office of bell ringer as aforesaid, he has at all times fully and faithfully discharged all the duties thereof; that he has never at any time since said appointment been guilty of, or charged with any misdemeanor or negligence of duty, or either, by any person or persons whatever. By virtue whereof, the plaintiffs insisted and submitted, that the said William B. Belch became, and was on said 24th day of February, A. D. 1854, and ever since has been, and still is, a bell ringer in the city of New York as above set forth, and now in the district last aforesaid; and that he is entitled to hold, use and exercise the office thereof, in said last mentioned district, in said city, and to receive the fees and emoluments thereof. And the plaintiffs further stated, that the defendant was not and never had been an exempt fireman in the city of New York. Wherefore the plaintiffs prayed judgment, that the defendant had usurped and unlawfully held and exercised the said office of bell ringer in the sixth fire district in said city of New York, and the rights and franchises appertaining thereto, since the 17th day of January, A. D. 1860, and still does so unlawfully hold and exercise the same, and that he be ousted and removed therefrom. And further judgment, that the said William B. Belch was entitled to the said office and the rights, franchises and fees thereof, and has been so entitled on and since the 17th day of January, A. D. 1860, &c.

The defendant, in his answer, alleged that he had not without legal warrant held, used or exercised the office in question for the period, or as or in manner and form as alleged in the complaint; nor had he without legal warrant claimed, received or enjoyed its emoluments, as or in manner and form as therein alleged; nor had he usurped or unlawfully held or exercised, nor does he unlawfully hold or exercise the said office, as or in manner and form as in the complaint alleged. That the defendant had been the lawful incumbent of the said office since on or about the 17th day of January, 1860, duly appointed thereto, under and in pursuance of the ordinances of the said corporation, by the mayor of the city of New York, at or about that time, on the removal of the said William B. Belch therefrom, under and in pursuance of the said ordinances; since which time the defendant had performed all the duties thereof, and still performs them, being recognized by the said corporation, and treated and paid by it as the lawful incumbent of the said office. That the said Belch has been excluded from the said office and its emoluments by the mayor of the city of New York, in the exercise of his lawful powers under the said ordinances, sanctioned and acknowledged by the said corporation, and not by this defendant, further than assuming the said office under a full legal appointment thereto. That the said Belch had not been entitled, nor is he now entitled to the said office, continuously, as of and from the 24th of February, 1854, as or in manner and form as alleged in the complaint. That the said ordinances allow bell ringers to be appointed from firemen disabled in the performance of their duty, as well as from exempt firemen, as would fully appear by them, and to which the defendant referred. That the defendant was appointed to the said office as a disabled fireman, which he was in fact, and so he avers the fact to have been. That the said Belch was not entitled to the said office or its emoluments, as or in manner and form as insisted and submitted by him in the complaint, and the defendant denied the allegations thereof

in that connection, as or in manner and form as therein made. And the defendant alleged that he was eligible to the office as a disabled fireman, and was duly appointed thereto as such as before mentioned; that the plaintiffs were not entitled to the judgment, or any part thereof asked for in the complaint, nor was the said Belch entitled to the judgment, or any part thereof, therein asked for. Wherefore the defendant prayed judgment, that the complaint be dismissed with costs, &c.

The issues came on to be tried at the circuit, before Hon. DANIEL P. INGRAHAM, one of the justices of this court, and a jury, on the 15th day of April, 1861. To prove the issues on their part, the plaintiffs offered in evidence, article four, sections 63, 64 and 67 of the ordinances of the city of New York, (revised 1859,) as follows:

" § 63. The mayor of the city of New York shall appoint three persons, to act as bell ringers at each of the different alarm districts in the city of New York. Such persons shall be selected from among the exempt firemen of the city, or from such firemen as have been disabled by injury received in the performance of their duty.

§ 64. The bell ringers so appointed shall receive, as remuneration for their services, the sum of six hundred dollars each per annum, and shall be subject to removal by the mayor, for misdemeanor or negligence of duty.

§ 67. All bell ringers, and persons charged with the ringing of bells, in case of fire, shall, on neglect to comply with the requisitions of the ordinances and regulations for the ringing of bells, in case of fire, be removed from office by the person or authority having power to remove them, on such person or authority being credibly informed of such neglect; and the person so removed shall not be reappointed to that or any other office under the corporation, within one year after such removal."

This ordinance was approved by the mayor, 20th June, 1859.

The plaintiffs also offered in evidence the warrant appoint-

ing the relator, William B. Belch, a bell ringer in the city of New York, dated February 24, 1854, signed by the mayor.

The counsel for plaintiffs then called as a witness, William B. Belch, the relator, and one of the plaintiffs in this action, who testified as follows : " I was an exempt fireman at the time of my appointment as bell ringer. I discharged the duties of bell ringer from the time of my appointment until the 17th day of January, 1860. Charles Bearfield, the defendant, brought me a notice on that day from the mayor. The note stated that I was removed from the office of bell ringer, and that Charles Bearfield was appointed in my place. It stated no cause for my removal. I have lost the note. The defendant, Charles Bearfield, then took my place, and has held it ever since." The counsel for the plaintiffs then offered to prove that the relator, Belch, had never at any time since his appointment been guilty of misdemeanor or negligence of duty, or neglected to comply with the requisition of the ordinances or regulations for the ringing of bells in cases of fire. The counsel for the defendant objected to the admission of said testimony, on the ground that the same was immaterial. The court sustained the objection, and the counsel for the plaintiffs excepted. It was admitted by the plaintiffs that the defendant received the appointment to the office of bell ringer from the mayor, in the place and on the removal of the relator on the 17th January, 1860, in the manner stated by him in his testimony. The counsel for the plaintiffs then rested ; whereupon the counsel for defendant moved for a dismissal of the complaint, and the court granted the motion. The plaintiffs excepted, and the court directed the exceptions to be heard in the first instance at general term ; judgment, in the meantime, to be suspended until the decision of the court.

*Tomlinson & Brigham*, for the plaintiffs. I. The ordinance declares that bell ringers shall be subject to removal by the mayor for misdemeanor or negligence of duty. This enumeration of causes for removal excludes and forbids removal

for any other cause.   To render legal an exercise of the power conferred, the cause of removal must be stated, and an opportunity afforded the party charged to exculpate himself. (*Wilc. on Corp.* 147, § 691, 148, § 700, *and cases cited. Grant on Corp.* 255, 256.   *Angell & Ames on Corp.* 498. *Fuller* v. *Plainfield School,* 6 *Conn. R.* 532.   *Commonwealth* v. *German Society,* 3 *Har. Penn. R.* 251.   *Commonwealth* v. *P. B. Society,* 8 *Watts & Serg.* 247.   *Paige* v. *Hardin,* 8 *B. Monroe,* 673.)   And especially in cases like the one under consideration.   The ordinance. prohibits removal for any cause except misdemeanor or official dereliction. . It would be opposed to all principles of justice to allow any tribunal to accuse a person of offenses like the above, to try and condemn him unheard.   In that respect this case differs materially from that of *The People ex. rel. Platt* v. *Stout,* (19 *How. Pr. R,* 171.)   In the latter case the removal was authorized *for cause* simply, and the cause sufficient to justify removal might not impute any offense to the officer.   In this case the party cannot be removed unless guilty of a misdemeanor or negligence of duty.   To allow the mayor to remove without review, while assigning no cause and giving the accused no opportunity to defend, would destroy the whole object and intent of the ordinance—and authorize or permit the removal of men on political or other grounds, while innocent of the offenses mentioned in the ordinance as sole cause for removal, and cause the office to be held solely at the pleasure of the mayor.   If the ordinance intended to vest such power in that officer, the whole of the last paragraph in section 64, of the ordinance, would have been omitted.   The court, however, will so construe it as to harmonize and give effect to the whole.   The office in question is not elective, nor for a term of years, but is for life, or during good behavior, and is intended to be removed from all political influence or disturbance.   It can be conferred only on exempt or disabled firemen.   And in case of offices for life, the court will

The People v. Bearfield.

examine the grounds of removal therefrom. (*See Tapping on Mandamus*, 174, 175, *and cases cited.*)

II. It was incumbent on the defendant to show affirmatively that the relator had been guilty of misdemeanor or negligence of duty, and the relator offered to show that he had never been guilty of either. It is no answer to say that the ordinance confers on the mayor the power to pass on the existence of the cause specified therein. The court will see that the circumstances contemplated by the ordinance had occurred, and that the power has been exercised in the form prescribed thereby. (*The People ex rel. Platt* v. *Stout*, 11 *Abb.* 25, *opinion of Sutherland, J.*) Where a statute or ordinance bases a removal on dereliction of official duty, the court will adjudicate upon the question whether the removal was for that cause. If an office is for life, subject to removal for misbehavior, the question whether the removal was for that cause will be passed upon by the court. (*People* v. *Stout*, 11 *Abb.* 26, 27.)

III. In this instance, there was no exercise of discretion whatever. No cause of removal existed, was stated, or pretended; but the contrary was offered to be shown affirmatively, and was excluded. This distinguishes the case from that of *The People* v. *Stout*.

IV. The right to review does not imply the right or power to control the action of the mayor. If the power is found to have been properly exercised, his action is not disturbed; if not, his action is illegal and oppressive, and the court will grant relief to the party injured. This cannot be said to control the exercise of the power of removal by the mayor. He acts independently, and if he exceed the limit prescribed by the ordinance, his acts are void, and the court simply declares the fact.

*John H. Trapp*, for the defendant. I. The mayor having the power of removal of the incumbent from the office in question, and no right of appeal or review in any form of pro-

ceeding being expressly given by law, the relator is estopped from drawing in question the validity of the act, under any circumstances. (*The People* v. *Stout*, 19 *How. Pr. R.* 171.) The mayor, by the ordinances of the city, is made the tribunal to determine the propriety of removal, and his determination, being a judicial act, is conclusive. (*Id.*)

II. It may be safely affirmed that, where no period for the tenure of an office is assigned to it, the same power that can fill, can vacate the office, *at pleasure*. If this were not so, then offices, for the tenure of which no duration was prescribed, would be life offices. This would be contrary to the whole theory of our government. Where it is meant to guard the *term* of office, our federal and state constitutions do so in express words. If the office is to be filled during good behavior, (*quamdiu bene se gesserint*,) or for a term of years, it is so declared. If not so declared, the principle of "*durante bene placito*" applies.

III. Even if the ordinances of the city did not confer the right of removal *for cause*, the right would still exist. It is incident to the right to fill the office. An office is just as much vacant where its duties are unperformed, though there be a *nominal* incumbent, as if there were no incumbent at all. Neglect of duty would be ground of removal under any circumstances. Because the ordinances specify removal *for cause*, that does not supersede the right to remove whenever agreeable to the will of the mayor. Nothing is better settled than that a statute, conferring upon a public body or a public official some of the powers incident to such bodies or officials, does not thereby impliedly deprive them of other well understood and well recognized powers. To effect this, there would have to be words of exclusion, or something to show that such was its intention.

IV. If the right of the mayor to remove from the office in question is circumscribed by the ordinances, and confined to *misdemeanor* or *negligence of duty* on the part of the incum-

The People *v.* Bearfield.

bent, the mayor would still have the broadest powers. "Misdemeanor" is to be understood in its lexicographical sense, i. e., ill behavior, bad general deportment, &c. These words, *misdemeanor* and *negligence of duty,* are tantamount to saying that the mayor can render the office vacant *for cause.* The grounds specified are such as would be implied from the use of the words *for cause,* and the ordinances are to be construed as though these latter words had been used. Hence this case is on "all fours" with *The People* v. *Stout.*

V. The offer on the part of the relator to prove that he had not been guilty of *misdemeanor, negligence of duty* or *neglect,* was too narrow. Even if it were competent to go into the fact, under the ordinances, he should have tendered proof that *the mayor was not credibly informed of these grounds of removal* when he undertook to remove him as bell ringer. He should have gone farther, and shown that the *removal* was not upon any of these grounds. (*People* v. *Stout,* 19 *How. Pr. R.* 180.)

As the matter stands now, the relator really offered to show that the mayor had pronounced judgment of removal upon *false* facts. Even though the facts did not exist, the mayor might have been credibly informed of their existence, and might have judicially found that they did exist. That is one of the misfortunes of being compelled to rely upon or to go by human testimony. Its preponderance oftentimes compels courts and juries to find facts about which there may be more than a *serious* question. The relator, taking his offer most favorably, proposed to show that if the mayor had any testimony before him at all, it was false testimony, without drawing in question the honesty or sincerity of that official's belief in it. This he could not do, certainly in a collateral or independent proceeding.

BY THE COURT. The difficulty with the relator's case seems to be in the law itself, which gives the office, and designates the power which is to appoint and remove; and yet

fixes no form of proceeding, and no trial to precede a removal. For though the appointment is, probably, during good behavior, the removing power is, in its judicial as well as its executive branch, vested in the same person; and nothing seems to be required (where *any thing* is specified) but *credible information;*—not even that the officer shall *believe* it.

In this view of the case, and following the principle of the case of *The People* v. *Stout,* (19 *How. Pr. R.* 171,) it would seem that this case was correctly decided by the judge, at the circuit; and that his decision should be affirmed.

Judgment affirmed.

