## No. 4088.

### STATE OF LOUISIANA ex rel. ATTORNEY GENERAL and al. *v.* TIMOTHY DOHERTY.

The grant of power to the Executive to remove an officer for a certain cause implies authority to judge of the existence of that cause. The power vested exclusively in Executive discretion can not be controlled in its exercise by any other branch of the government.

The statute of 1871, creating additional remedy for embezzlement, breach of trust or fraud, on the part of collectors of taxes, in no manner conflicts with section 1593 of the Revised Statutes of 1870, and the latter is not therefore repealed by the former.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J.* Trial by jury. *Hornor & Benedict* and *W. W. Howe, S. Belden,* Attorney General, and *A. A. Atocha,* for plaintiff and relator. *Hays & New* and *T. & J. Ellis,* for defendant and appellee.

Justices concurring: Ludeling, Wyly and Morgan.

WYLY, J. The Attorney General, on the information of Joseph L. Tharp, brings this suit in the name of the State, under the intrusion act, against the defendant for the office of tax collector of the Sixth District of the city of New Orleans, praying that said Tharp be decreed entitled thereto, and that the defendant be restrained by injunction from administering said office, and that he be condemned to deliver to the relator certain books and other property belonging to the State and appertaining to said office.

The defendant pleaded the general issue, and averred that he is the sole and lawful tax collector for said district, having been duly commissioned, qualified and inducted into said office according to law.

The case was tried by a jury and the result was a judgment on their verdict in favor of the defendant. The plaintiffs appeal.

It appears that the defendant was appointed tax collector for the Sixth District of the city of New Orleans on the fifth of March, 1872; and the relator was appointed to said office on the eighth June, 1872, the commission of the latter reciting that he was appointed "*vice* T. Doherty removed."

The question is, had the Governor authority to remove the defendant and appoint the relator?

Section 1593 of the Revised Statutes of 1870 declares that "any assessor or member of the board of assessors, or tax collector of the city of New Orleans, or any State collector, refusing or failing to do his duty, as prescribed by this act, shall be liable to dismissal from office by the Governor."

When the Governor removed the defendant and appointed the relator he decided that the defendant had failed or refused to do his duty, because it was in this contingency only that he had the right to remove him. However erroneous the decision of the Governor as to that question may be, we do not think it can, under our system of government, be examined by the courts.

The Legislature created the office; and the law provided that the Governor might make the appointment, and for a certain cause remove the officer appointed by him.

Here the law invested the Governor with a discretionary power, which could alone be employed by him. The decision of all the courts of the State could not compel him to make the removal.

The removal of the defendant for neglect of duty was the exercise of Executive discretion. The grant of power to the Executive to remove an officer for a certain cause implies authority to judge of the existence of that cause.

The power vested exclusively in Executive discretion can not be controlled in its exercise by any other branch of the government.

"The powers of the three departments are not merely equal, they are exclusive in respect to the duties assigned to each." Wright *v.* Defrees, 8 Ind. 302.

"The policy of our constitution and laws has assigned to the different departments of the State government distinct and different duties, in the performance of which it is intended that they shall be entirely independent of each other, so that whatever power or duty is expressly given to or imposed upon the Executive department is altogether free from the other branches of the government." Attorney General *v.* Brown, 1 Wisconsin 522.

To institute the inquiry as to the correctness of the cause for which the Governor removed the defendant would be a direct attack upon the independence of the Executive, "and a usurpation of power subversive of the constitution." See Cooley's Constitutional Limitations, 187, and authorities there cited.

State ex rel. Attorney General and al. v. Doherty.

The defendant contends, however, that the Governor had no authority to remove him under section 1593 of the Revised Statutes of 1870; because by section 92 of act No. 42 of the statutes of 1871 the Auditor of Public Accounts, upon evidence of embezzlement, breach of trust or fraud, is required to "cause the arrest of such collector," whose official functions shall thereupon be suspended, and "the Governor immediately on such arrest, shall proceed to appoint some competent and trustworthy person."    *    *    *    *    *    *

The repealing clause of this statute only repeals all laws "contrary to or inconsistent" therewith.

The statute of 1871, creating the additional remedy for embezzlement, breach of trust or fraud on the part of the collector, in no manner conflicts with section 1593 of the Revised Statutes of 1870, and the latter is not therefore repealed by the former.

The case of Downes v. Towne, 21 An. 490, cited by the defendant, is no authority in his behalf; because Downes held a constitutional office, of which he could not be deprived according to the constitution, except by address or impeachment.

It is therefore ordered that the judgment appealed from be annulled; and it is decreed that there be judgment for the plaintiff, condemning the defendant to restore to the relator all the books and other property appertaining to the office of tax collector of the Sixth District of the city of New Orleans, and also restraining him from exercising or attempting to exercise the duties of said office, and decreeing that the relator is entitled to administer said office. It is further ordered that the defendant pay costs of both courts.

Rehearing refused.