[State ex rel. Fitzpatrick v. Shaver.]

# State *ex rel.* Fitzpatrick *v.* Shaver.

### *Information in Nature of Quo Warranto.*

1. *County superintendent; removal of.*—Under the act of the board of education authorizing the superintendent of public instruction to remove county superintendents, it is not necessary that he should assign any cause for a removal, or prefer any charges, or give any notice to the incumbent. The whole power of removal was entrusted to him, to act whenever in his opinion the "interest of public education demanded such removal," and the exercise of that discretion can not be reviewed by the courts.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.
The opinion states the case.

RICE, JONES & WILEY, for appellant.

STONE & CLOPTON, *contra.*

BRICKELL, C. J.—This was a proceeding in the nature of a *quo warranto*, commenced by information, in which the relator claims that he is entitled to the office of superintendent of education for the county of Montgomery, and that the defendant had unlawfully intruded into the office and ought to be excluded therefrom. A demurrer was interposed to the information, and the causes assigned are substantially that it appears from the information the relator is not, and the defendant is, entitled to the office.

The constitution of 1868 committed the management of the common schools and other educational institutions of the State to a board of education. This board was clothed with *full legislative powers in reference to the public educational institutions of the State*, and its enactments, unless repealed by the general assembly, had *the force and effect of law.*—Const. of 1868, Art. II. In the exercise of these powers the board created the office of county superintendent of education, prescribing that it should be filled first by an election by the qualified voters of the county, and the duration of the official term was two years, and until the election and qualification of a successor.—Hodgson's Manual of School Laws, p. 26. The relator was elected to the office of county superintendent

[State ex rel. Fitzpatrick v. Shaver.]

of Montgomery county in March, 1871, and continued therein, under enactments of the board of education, until January 22, 1875. By a subsequent enactment the superintendent of public instruction was authorized to remove any county superintendent *whenever in his opinion the interests of public education demanded such removal;* and by appointment to fill the vacancy caused by such removal.—Acts of Board of Education for 1874, p. 6. Under this enactment the superintendent of public instruction removed the relator and appointed the defendant to fill the vacancy, who, having qualified according to law, entered into and holds the office.

The information averring these facts, proceeds to aver there was no cause for the removal of the relator by the superintendent of public instruction; that he had no notice of any cause being charged; no opportunity of controverting it, and that of consequence the order was void, not affecting his right to the office.

The act of the board of education does not require that any cause shall be assigned by the superintendent for a removal, or that any charge shall be preferred against the county superintendent, or any notice given him of the intention to order his removal. The whole matter is committed to the judgment and discretion of the superintendent of public instruction. On his official responsibility he must determine whether the interests of public education committed to his superintendence requires a removal. The board created the office, enlarged its term, authorized the superintendent to fill vacancies and to make removals of county superintendents, his subordinates and agents in the execution of his important trusts. It was never contemplated that the exercise of his judgment and discretion should be revised by judicial tribunals or interfered with by any other department of the government. When he determined the relator should be removed, he decided the interests of public education required it, and that decision is final and conclusive.—*State v. Adams,* 2 Stew. 231; *People v. Stout,* 19 How. Pr. 171; *People v. Bearfield,* 35 Barb. 254; *State v. Doherty,* 25 La. Ann. 119.

The information disclosing the relator's want of title to the office and the defendant's legal title to it, the demurrer was properly sustained and judgment rendered for the defendant. By statute the judgment carried costs against the relator.—R. C. § 3093.

The judgment must be affirmed.

STONE, J., not sitting, having been of counsel.