THE PEOPLE OF THE STATE OF NEW YORK ex rel MICHAEL F. CUMMINGS, Appellants, v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Respondents.

SAME ex rel. DAVID GRAHAM v. SAME.

SAME ex rel. JOSEPH H. MUNDAY v. SAME.

*Section 28 of chapter 355 of 1873 — removal of clerks in bureaus of New York city government — what constitutes cause for.*

Section 28 of the charter of New York, chapter 355 of 1873, provides that "no regular clerk or head of a bureau shall be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity o. making an explanation."    The relators, regular clerks of the responde its, the

board of fire commissioners, were removed, after they had been given an opportunity to explain, for the reason that, in the opinion of the board, the duties pertaining to their several positions could be more efficiently performed by other persons. *Held*, that the reason so assigned did not furnish "a cause" of removal, as that term was used in the said act, and that the action of the board in removing the relators, should be overruled.

CERTIORARI to inquire into the cause of the removal of the relators as clerks in the fire department of the city of New York.

*Boswell & Hatch*, for the relators.

*D. J. Dean*, for the respondents. The power to remove is not made dependent upon compliance with the form of procedure presented by the statute. The commissioners may disregard the excuses or explanations of the clerk whom they propose to remove, and however reasonable or satisfactory the explanation may appear to the court to be, it is enough if the commissioners choose to remove notwithstanding the explanation, and the court cannot review their action or reverse their decision without thereby usurping the functions of the commissioners, and taking upon itself to decide upon a question which is committed to the board. The provision of the statute requiring such notice is, therefore, only directory, and not mandatory. (Sedg. on Stat. and Const. Law, 370, 371, 378; *Regina* v. *Fordham*, 11 Adolph. & El., 88; *Cole* v. *Green*, 6 Man. & Gran., 872, 890; *Rex* v. *Inhab. of Birmingham*, 8 Barn. & Cress., 29, 35; *King* v. *Inhab. of St. Gregory*, 2 Ad. & Ellis, 99; *Savage* v. *Walshe*, 26 Ala., 619; *Rex* v. *Justices of Leicester*, 7 Barn. & Cress., 6.) When statutes direct proceedings to be done at a certain time, or in a certain way, and no essential rights are prejudiced by disregard of such provisions, the proceedings will be held good, although the statute may have been disobeyed or disregarded. (Sedg. on Stat., etc., Laws, 368, *et seq.*; *Striker* v. *Kelly*, 7 Hill, 9; *People* v. *Supervisors of Chenango*, 4 Seld., 317; *Marchant* v. *Langworthy*, 6 Hill, 646; 3 Denio, 526; *Pond* v. *Negus*, 3 Mass., 230; *William* v. *School District*, 21 Pick., 75; *Gale* v. *Mead*, 2 Den., 160; *Thomas* v. *Crapp*, 20 Barb., 165; *City of Lowell* v. *Hadley*, 8 Metc., 180; *People* v. *Holley*, 12 Wend., 481; *Mohawk and Hudson R. R. R. Co.*, 19 id., 143; *People* v. *Cook*, 14 Barb., 559; 4 Seld., 88, 89, 93; *People*

v. *Suprs. of Ulster Co.*, 34 N. Y., 268; *Barnes* v. *Badger*, 41 Barb., 98.)

BRADY, J. :

The relators were regular clerks of the board of fire commission- ers, who are the respondents. They were removed because, in the opinion of the respondents, the duties pertaining to their several positions could be more efficiently performed by other persons. The only charge against them was to this effect, and they were given an opportunity to explain. It is not necessary to say that an explanation of such a charge could not well be given. Each might say with great propriety, " my duties have been fully and faithfully performed, and as I am not charged with negligence, inattention, incapacity or inefficiency, I have nothing to explain, nothing to answer." If the power of removal exist unconditionally, and there- fore without necessity for a cause, the ceremony of notice of the charge and *quasi* trial were entirely unnecessary. The respondent could declare the removal, and the end in view would be accom- plished. The question presented is, therefore, whether such power exists. The Laws of 1873, chapter 335, section 28, provide as follows : " No regular clerk or head of a bureau shall be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation, and in every case of a removal the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal, a statement showing the reasons therefor shall be filed in the department."

The argument of the respondents to sustain the proposition that they are fully invested with authority to remove, after notice and an opportunity to explain, is embraced in the fourth point as follows : " The record shows a reason for the removal embodied in the notice and resolution which must commend itself to the conscience of the court and which was peculiarly within the province of the board to consider, viz. : that more efficient service could be procured by employing another person. It was the duty of the board to deter- mine this question, and their efforts to secure greater efficiency in the public service should not be nullified, unless it is clear that they have exceeded their jurisdiction."

The proper procedure having been followed, the action of the respondents was final, and is not the subject of review in this court.

Whether a removal shall or shall not be made after the prescribed formula has been observed, is by statute left to the discretion of the heads of the department; no cause of removal is defined or designated in the charter.

The opinion of Judge SUTHERLAND in *People* v. *Stout* (19 Howard, 171–180), is applicable:

"The whole subject is left to the discretion of the mayor and the board of aldermen, except in this, that we are judicially to determine whether the board of aldermen have consented. That of course is a judicial question. Perhaps we may say the exercise of the power is so far the subject of judicial review as that a cause, or some cause, must or should be assigned for the exercise of the power. We might go so far as to say that this court should see that they assign a cause. But in this case we have no control, nor can we adjudicate upon the sufficiency or goodness of the cause, because the statute does not designate any cause, and there is no standard or rule, or definition, by or according to which one can determine the assigned cause to be good or sufficient. The construction which would give us the power to judge the goodness or sufficiency of the cause assigned, in the absence of any specification by the legislature, would virtually give to this court the power of removal, and the legislature will have committed it, in effect, not to the mayor and aldermen, but to the Supreme Court; a discretionary power which can be controlled by the court, is virtually given to the court, because the parties interested may always resort to the court." (See, also, *The People* v. *Bearfield*, 35 Barb., 254.)

The view thus expressed of the question is fully answered by the case of *The People* v. *Board of Police* (39 N. Y., 506), in which Judge WOODRUFF, after an elaborate review of cases bearing upon the office of a common-law *certiorari*, said: "I conclude, therefore, that in the case before us the Supreme Court had power, and that on this appeal this court have power, to examine the case upon the whole of the evidence, to see whether, as a matter of law, there was any proof which could warrant a conviction of the relator of the charge of neglect of duty, by absence from duty as a patrolman of the ninth precinct." He had previ-

ously said: "Let it be once established that where an officer, or board of officers, have jurisdiction of the subject, or of the persons to be affected, and proceed in its exercise according to the prescribed mode or forms, their determination is final and beyond the reach of any review, whatever errors in law they may commit, and however clear it may be upon undisputed facts that their judgment, decision or order is not warranted, and there is danger that much of injustice and wrong may happen, without possibility of redress." This case illustrates the danger predicted, because, if the rule contended for prevailed, a mere caprice would be a sufficient reason for removal when the legislature clearly contemplated some substantial cause for such an act by the commissioners. This is apparent from the fact that the twenty-eighth section of the act of 1873 referred to (*supra*), provides that the heads of all departments shall have the power to appoint and remove all employes, except as therein otherwise specially provided, and then declares that no regular clerk shall be removed until he has been informed of the cause, etc. We might elaborate the result to which we have arrived by a consideration of what is meant by cause, and the illustrations which the books afford, but it is not necessary.

If the power to review exists, then the duty to overthrow the judgment of the respondents is too plain for question.

The power exists and the duty suggested follows.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred

Proceedings reversed.