Reed, J.,
after stating the case, delivered the opinion of the court.
The relator was duly appointed, confirmed by the senate, qualified and legally in the possession of the office. The only question to be determined is as to the power of the State Veterinary Sanitary Board to make the attempted removal. The question of competency cannot be considered; compe,tent or incompetent, he had a right to the office until deposed by competent authority; nor shall we consider whether such board was the proper tribunal to pass upon his qualifications and determine the question. It is said in the answer that the relator “ admitted to said board his said inefficiency and incompetency.” No evidence was taken, consequently there is no proof of such admission. If it was made, it should be particularly remembered and transmitted to posterity as the first instance where a state officer admitted his in competency to discharge the duties of any office of which he was an incumbent.
The offices of State Veterinary Surgeon and State Veterinary Sanitary Board were both created by the act of March 23,1885, entitled “ An Act to prevent and suppress infectious and contagious disease among the domestic animals of this state, and for the appointment of the necessary officers to carry into effect the same, and to fix compensation.” By sec. 2 of such act, the governor is required to appoint to the office of state veterinary surgeon “ the person elected by the state board of agriculture, as the professor of veterinary science, and holding the chair of veterinary science in the State Agricultural College.” By sec. 3 it is provided that he shall hold his office two years unless he is sooner deposed from his office in the State Agricultural College. By sec. 5 it is provided that, in .case of a vacancy by the removal of the incumbent from his position in the State Agricultural College, the *109 successor to such position in the college shall be appointed by the governor to fill the unexpired term of state veterinary surgeon. Sec. 6 provides for the creation of, the State Veterinary Sanitary Board, which was to consist of the state veterinary surgeon and two other members, appointed by the governor and confirmed by the senate. The balance of the act defines their respective powers, duties, etc.
On March 3, 1887, an act was passed entitled “ An Act to amend an act entitled An Act to prevent and suppress infectious and contagious diseases among the domestic animals of this state, and for the appointment of the necessary officer's to carry into effect the same, and to fix compensation,” of which the 1st, 2d and 3d sections are as follows :—
“ Sec. 1. That section 2 of An Act to amend an act entitled ‘ An Act to prevent and suppress infectious and contagious diseases among domestic animals of this state, and for the appointment of the necessary officers to carry into effect the same, and to fix compensation,’ be, and is hereby repealed, and the following enacted in lieu thereof: — Sec. 2. — The State Veterinary Sanitary Board shall appoint the state veterinary surgeon.
“ Sec. 2. Section 3 of said act is hereby amended so as to read as follows: See. 3. The person so appointed shall hold his office for the term of two (2) years from the date of his appointment; provided, such person is not sooner deposed by the State Veterinary Sanitary Board.
“ Sec. 3. Section 5 of said act is hereby repealed and the following enacted in lieu thereof: Sec. 5. The state veterinary surgeon shall be the secretary of the State Veterinary Sanitary Board.”
Sec. 4. amends the 6th section of the act of 1885 in relation to the State Veterinary Sanitary Board, making it consist of three members to be appointed by the governor and confirmed by the senate ; also contains new matter not necessary to be considered. Sections 19 and 20 are also amended.
It will be observed that in section 1 of the bill the author became slightly “tangled ” in saying “.that sec, 2 of an act to *110 amend an act entitled,” etc. The mistake is in speaking of the original act as an amended act, which was evidently a clerical error. There had been but one act, which had not been previously amended. The. title of the amending act is correct, the intention of the legislature apparent, and there being but one act to which the amendment could apply, there can be no question, and the error must be disregarded. No one could be misled by it, and its application and reference to the original act is conclusive of the legislative intention.
By this amendment the appointing power is vested in the State Veterinary Sanitary Board. The state veterinary surgeon is to be the secretary of the board. His term of office is to be two years, “ Provided, such person is not sooner deposed by the State Veterinary Sanitary Board.” No direct power of removal is conferred upon the board. It is only by inference or implication that the supposed power of removal is conferred, and Avas probably deemed incidental to the poAver of appointment; and the officer being an appointee and servant of the board, that the power of removal by the same body Avas inherent. This might admit of question Avithout poAver expressly conferred, but the evident intention of the legislature being, by the language used, to inArest the board with the power to remove. It might and probably would prevail in a case where the appointment was made by that body.
By an act of April 1, 1891, the original act of 1885 was again amended in the same section (2). The appointing power is again given to the governor, but without any restriction as in the first act. The appointee, is to hold his office for tAvo years and there is no provision for his removal. In this amendatory section no reference Avhatever is made to the amendment of 1887, but it directly asserts it to be an amendment of sec. 2 of the act of March 28, 1885, and this is probably proper from the fact that by the act of 1887 the original section 2 was repealed, and the new section substituted, and it thus became incorporated into and a part of the original act. If this is not so, the question becomes unim *111 portant, for by sec. 3 of the act of 1891 it is declared, “ all acts and parts of acts in conflict with this act are hereby repealed ” which would operate as a direct repeal of that section of the statute of 1887 conferring the appointing power upon the board.
The following is the constitutional provision in regard to the appointment and removal of officers: Art. 4, sec. 6.— “ The governor shall nominate, and by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for, and may remove any such officer for incompetency, neglect of duty or malfeasance in office.” The office is not one established by the constitution, but was expressly created by law, and by the amendatory act of 1891 the appointing power was expressly conferred upon the governor. By that act the office of state veterinary surgeon was divorced and entirely-separated from all connection with the state board; his duties remained as defined in the act of 1885.
The act of 1885, as amended by subsequent act of 1891, leaves the offices of state veterinary surgeon and the state veterinary sanitary board separate and distinct. Each are state officers with independent and well defined duties. Sec. 1 of the act of 1887 repealing sec. 2 of the act of 1885, and the latter clause conferring the power of appointment upon the sanitary board, and sec. 2 of such act amending sec. 3 of the act of 1885, must be construed together. The former makes the surgeon the appointee and servant of the board to be appointed, and, impliedly by the latter section, removable at its pleasure. No confirmation by the senate is required — the whole matter rests in the discretion of the board, whose servant he is made by the act, and the right to remove its own appointee and servant is properly regarded as incidental or inherent, and with the repeal of the appointing power the latter section must fall with the former upon which its sole vitality was predicated.
By the act of 1891 amending the act of 1885, the appoint *112 ing power was vested in the governor, subject to - approval by the senate, and the veterinary surgeon became as thoroughly a state officer as any other known to the law, and the power of removal was by the constitution vested in the governor. He held Iris office by the same tenure as the sanitary board, by the appointment of the governor and confirmation of the senate. It is not necessary to inquire whether, under the constitution, the power to remove an officer so appointed could, by the legislature, be delegated to any other individual or body. The power is very doubtful, but it is sufficient to say that it could not be delegated without direct and special legislation conferring the power of removal. The power could neither be implied nor inferred in this case. No such special designation of power was made or attempted, and when, by the act of 1891, he became a state officer, and occupied the same legal position as that occupied by those who attempted to remove him, they had no more power to effect such removal than to remove the state engineer, or if the surgeon had attempted to remove the sanitary board.
The - constitution itself is conclusive upon the question. The power to remove is vested in the governor, and the power being designated is exclusive in the absence of positive legislative enactment. In the very nature of the administration of public affairs, the power of one appointee to remove another cannot be supposed to exist. Persons filling co-ordinate offices cannot remove each other. The conclusions here adopted are so self-evident from the provisions of the constitution and the examination of the statutes, that no authorities are necessary for their support, but a few may be cited.
In Cooley Const. Lim. 133 (6th ed.), the whole doctrine is briefly summed up as follows: “ That such powers as are specially conferred by the constitution upon the governor, qr upon any other specified officer, the legislature cannot require or authorize to be performed by any other officer or authority; and from those duties which the constitution requires of him he cannot be excused by law.”
*113 In Atty. Genl. v. Brown, 1 Wis. 513, the court says:— “ Whatever power or duty is expressly given to, or imposed upon the executive department is altogether free from interference of the other branches of the government. Especially is this the case where the subject is committed to the discretion of the chief executive officer either by the constitution or by the laws. So long as the power is vested in him, it is to be by him exercised, and no other branch of the government can control its exercise.”
In State v. Doherty, 25 La. Ann. 119, it is said, “ Where the governor has power to remove an officer for neglect of duty, he is the sole judge whether the duty has been neglected.” See also State v. Kennon, 7 Ohio St. 546; Lane v. Com., 103 Pa. St. 481; Wilcox v. People, 90 Ill. 186.
It follows from, the premises that the State Veterinary Sanitary Board had no authority to pass upon the relator’s qualifications, and no power of removal; that such authority and power were by the constitution vested only in the governor, consequently, that the relator was not deposed.
The judgment of the district court will be affirmed.

Affirmed.