STATE of Missouri ex rel. ST. JOHN'S MERCY MEDICAL CENTER, Relator,

v.

Hon. Robert G.J. HOESTER, Judge of the Circuit Court of the County of St. Louis, Division No. 8, Respondent.

No. 51104.

Missouri Court of Appeals, Eastern District, Division Four.

April 15, 1986.

Gary P. Paul, Brinker, Doyen & Kovacs, P.C., Clayton, for relator.

Donald L. Schlapprizzi, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relator St. John's Mercy Medical Center seeks a writ of prohibition relieving it from respondent's order to produce the following documents for plaintiffs' inspection: (1) all peer review committee documents pertaining to the hospitalization, care and treatment of plaintiff Debra Strobach and her daughter, Carrie Strobach, on or after September 25, 1984, and (2) the minutes of all meetings or conferences in relator's department of anesthesiology, obstetrics, medicine, administration, or other, as they pertain to Debra and Carrie Strobach. Relying on § 537.035.4, RSMo.Supp.1985, rela-

tor asserts the documents are privileged. Respondent, however, asserts relator is foreclosed from invoking the privilege § 537.035.4 confers because relator failed to object to the date of inspection specified in plaintiffs' request to produce the documents and the date plaintiffs specified was before § 537.035.4's effective date. We issued our preliminary order in prohibition on January 24, 1986. We now make it absolute.

On September 11, 1985, plaintiffs in the underlying medical malpractice suit served relator with a request to produce for their inspection certain documents including those mentioned above, dealing with the care and treatment Debra and Carrie Strobach received at St. John's Mercy Medical Center on or after September 25, 1984. Pursuant to the requirements of Rule 58.-01(b), the request specified "a reasonable time, place and manner of making the inspection," directing relator to produce the requested documents in the offices of plaintiffs' attorney by September 26, 1985. Relator refused to comply with plaintiffs' request, objecting in a response filed September 30, 1985 that the documents plaintiffs sought were privileged. Relator based its objection on § 537.035.4, which in pertinent part provides:

[T]he proceedings, findings, deliberations, reports and minutes of peer review committees concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity or be admissible into evidence in any judicial or administrative action for failure to provide appropriate care....

The section's effective date was September 28, 1985. Before that date Missouri law recognized no peer review privilege for factual statements. *State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804, 808 (Mo. banc 1984). On December 6, 1985, respondent overruled relator's objection and ordered relator to produce the requested documents for plaintiffs' inspection.

■ Though relator filed its objection on September 30, two days after § 537.035.4's effective date, respondent maintains the objection's validity must be determined by reference to the law as it was on September 26, the date plaintiffs specified in their request as the time for inspection. Respondent is wrong. In *State ex rel. Faith Hospital v. Enright*, 706 S.W.2d 852, (Mo. banc 1986), an original action in prohibition, the Supreme Court held § 537.035.4 will be given retroactive application "to all pending cases—that is, those cases not yet reduced to a final, unappealable judgment." The Court noted the rule that statutes dealing with the competency or discoverability of evidence are procedural, and therefore, under the general rule of statutory construction, are applicable to all pending cases. *Id.* at page 854. In *Faith Hospital*, the defendant's objection to the plaintiff's discovery request, the trial court's order overruling the objection and the defendant's subsequent motion for reconsideration were all made before § 537.035.4's effective date. Nevertheless, the court prohibited enforcement of the trial court's order insofar as it related to matters within the purview of the statute.

As in *Faith Hospital*, the objected to portions of the requests for production in this case fall squarely within the exemption created by § 537.035.4. The fact the request was made before the exemption came into existence is irrelevant. We look to the state of the law at the time the protection afforded by the procedural change is invoked. So long as the case is still pending, that is not yet reduced to a final, unappealable judgment, relator is entitled to assert the statutory privilege at any time.

■ Respondent suggests that even if § 537.035.4 is given retroactive application, relator may not invoke its protection because it failed to respond to plaintiffs' discovery request on or before the date plaintiffs' request specified. Supreme Court Rule 58.01 does provide that the request for production of documents shall specify a reasonable time, place and manner of making the inspection. It further provides,

however, that the party upon whom the request is served shall have 20 days within which to serve a written response unless this time be shortened or extended by the court. We reject the notion that a party requesting discovery may unilaterally shorten the time for response. Relator filed its objection to plaintiffs' request within the 20 days Rule 58.01 prescribes. The objection was therefore timely.

■ Relator objected to two of the requests for production of documents. The first specifically referred to "peer review" meetings or conferences and is obviously within the privilege conferred by § 537.035.4. The other request is a "catch-all" demand for minutes of all meetings and/or conferences pertaining to Debra and Carrie Strobach. The request is overly broad and the objection should have been sustained for that reason. "All meetings" inescapably includes meetings of peer review committees, as well as others having absolutely no relevance to the litigation. However, records of meetings, conferences or consultations may not be shielded from discovery merely by labeling them as meetings of a peer review committee. The statute contemplates that such a committee be a duly appointed and designated group of health care professionals assigned a specific responsibility; to evaluate, maintain and monitor the quality and utilization of health care services. Relevant meetings conducted by all other groups or for any other purpose are not protected from discovery or admission into evidence, and must be disclosed in response to a properly framed request.

Because the underlying action has not yet been reduced to a final, unappealable judgment, § 537.035.4 applies to plaintiffs' discovery request. Respondent exceeded his jurisdiction with his December 6, 1985 order. The preliminary rule is therefore made absolute.

SNYDER and SATZ, JJ., concur.