STATE of Missouri, ex rel. ST. ANTHONY'S MEDICAL CENTER, Relator,

v.

Honorable Richard F. PROVAZNIK, Division 16, St. Louis County Circuit Court, Respondent.

No. 63656.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 19, 1993.

Allen D. Allred, James W. Erwin, Evan Schaeffer, St. Louis, for relator.

John D. Anderson, Herman Praszkier, Ben Ely, Jr., St. Louis, for respondent.

CARL R. GAERTNER, Judge.

St. Anthony's Medical Center (St. Anthony's) seeks our writ prohibiting the respondent circuit judge from enforcing his order directing St. Anthony's to answer certain interrogatories. We issued a preliminary writ which we now make permanent.

The underlying action is a suit for damages allegedly caused by medical malpractice. Plaintiffs, Tammy and Marty Krull, allege Dr. Osias Almiron negligently performed a laparoscopic cholecystectomy upon Tammy Krull at St. Anthony's Medical Center. Plaintiffs filed certain interrogatories and a motion to produce a copy of a study reported to a hospital committee regarding laparoscopic cholecystectomies. Respondent sustained St. Anthony's objection to the motion to produce on the basis of § 537.035 RSMo. 1986, the Peer Review Statute. However, respondent ordered St. Anthony's to answer the following interrogatories:

9. Was a report of any matter relating to the treatment of Plaintiff (pertaining to the occurrence alleged in Plaintiffs' complaint) made to any hospital official, medical society or other medical committee or organization? If so, for each such report, please state:

(a) The date it was made.

(b) The name and address and capacity of the person to whom it was made.

(c) The reason it was made.

(d) Whether written or oral.

10. Was any meeting held by any hospital or medical society at which any occurrence complained of in this action was discussed?

If so, for each such meeting, please state:

(a) The date, time and place it was held.

(b) The name and address of the person who convened it, and in what capacity he acted.

(c) The name and address of each person present.

(d) The purpose for which it was held.

(e) Whether any written memoranda or minutes were made, and if so, the name and address of the person who has custody of them.

Section 537.035.4, the Peer Review Statute, states in pertinent part:

4. Except as otherwise provided in this section, the proceedings, findings deliberations, reports, and minutes of peer review committees concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity or be admissible into evidence in any judicial or administrative action for failure to provide appropriate care. Except as otherwise provided in this section, no person who was in attendance at any peer review committee proceeding shall be permitted or required to disclose any information acquired in connection with or in the course of such proceeding, or to disclose any opinion, recommendation, or evaluation of the committee or board, or any member thereof; provided, however, that information otherwise discoverable or admissible from original sources is not to be construed as immune from discovery or use in any proceeding merely because it was presented during proceedings before a peer review committee nor is a member, employee, or agent of such committee, or other person appearing before it, to be prevented from testifying as to matters within his personal knowl-

edge and in accordance with the other provisions of this section, but such witness cannot be questioned about testimony or other proceedings before any health care review committee or board or about opinions formed as a result of such committee hearings.

This statute was enacted following the decision in *State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804 (Mo.banc 1984), in which the Missouri Supreme Court determined that no peer review privilege exists in Missouri. *Id.* at 808. The General Assembly obviously determined that the public good resulting from the monitoring and evaluation of the quality of health care services, unfettered and uninhibited by concern about disclosure of informants and participants in such peer review, outweighed the right of litigants to pre-trial discovery concerning the health care provided to any patient.

■ Plaintiffs' interrogatories seek detailed information concerning any reports or meetings "relating to the treatment of plaintiff." Section 537.035.4 exempts from discovery any information relating to "peer review committees concerning the health care provided any patient...." Obviously, the interrogatories fall squarely within the privilege established by the statute.

The argument made on behalf of respondent, as we understand it from respondent's brief, is that these interrogatories seek only information concerning the possible existence of reports or the occurrence of meetings relating to the treatment of plaintiff, not the content of such reports, or the details of such meetings. Such information is necessary, it is argued, in order to determine whether a report or a meeting involved a peer review committee as defined in § 537.035.1(2) and is therefore privileged or whether the report or meeting involved some other group for some other purpose and was not protected by the statutory privilege. This argument is predicated upon such a distinction as mentioned in *State ex rel. St. John's Mercy Medical Center v. Hoester*, 708 S.W.2d 796, 798 (Mo.App. 1986). However, the argument overlooks

that *Hoester* condemned as overbroad a request for information which inescapably included privileged meetings of peer review committees along with other non-privileged meetings. *Id.* The interrogatories at issue here suffer from the same over-broadness.

We are not unmindful of the fact that in pre-trial discovery in the underlying case mention is made of a Laparoscopic Cholecystectomy Audit Committee established to collect and study information relating to all such procedures performed at St. Anthony's. It is entirely possible that this committee is not a peer review committee as defined in the statute. The record presented to us is not sufficiently developed to enable us to make such a determination. Nor has that question been presented to us.[1]

■ Where a truthful and complete answer to an interrogatory requires disclosure of privileged information along with information not shielded by privilege, the interrogatory is overbroad and subject to objection. It is incumbent upon the party requesting the information to phrase the interrogatory with sufficient specificity as to exclude privileged information from its scope. Respondent exceeded his jurisdiction in ordering St. Anthony's to answer interrogatories nine and ten.

The provisional writ of prohibition is now made permanent.

SIMON and CRAHAN, JJ., concur.

---

1. Respondent sustained realtors' objection to plaintiffs' motion to produce the records of the Laparoscopic Cholecystectomy Audit Committee and plaintiff has not sought relief from that order.