BECKWITH, Appellant, v. BUSHFIELD, Respondent

(289 N. W. 421.)

(File No. 8358. Opinion filed December 26, 1939.)

**Doyle & Mahoney,** of Sioux Falls, and **Fellows & Fellows,** of Mitchell, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for Respondent.

PER CURIAM. On December 26, 1936, J. W. Beckwith was appointed a member of the Unemployment Compensation Commission for a term of six years under the provisions of Chapter 3, Laws of the Special Session of the legislature held in the year 1936 (SDC 17.08). Under Section 10 of this act (SDC 17.0803) is the provision: "The Governor may at any time, after notice and hearing, remove any Commissioner for gross inefficiency, neglect of duty, malfeasance, misfeasance, or nonfeasance in office." Purporting to act under this last provision of the law, the present Governor, Honorable Harlan J. Bushfield, did on the 19th day of September, 1939, enter an order removing the said Beckwith from his office as a member of the Unemployment Compensation Commission. It appears that the plaintiff, Beckwith, was served with notice, and that the Governor held a hearing at which Mr. Beckwith appeared personally and by counsel. Evidence was introduced in support of and in opposition to the charges that had been preferred. After the entry of the order by the Governor, the circuit court of Yankton County upon the application of the plaintiff issued its writ of prohibition prohibiting the Governor from further proceeding with the removal of the plaintiff until the further order of the court. After a hearing upon this writ, the court entered its findings of fact and conclusions of law which sustained the action of the Governor, and the plaintiff has now appealed.

Plaintiff contends that the disposition of this case should not be governed by the opinion of this court in the case of Craig v. Jensen, 66 S. D. 93, 278 N. W. 545, for the reason that the plaintiff in this case is not a constitutional officer as was the plaintiff Craig. Appellant contends that a member of the Unemployment Compensation Commission is holding an office created by the legislature and unknown to any office provided under the Constitution of this state; that it follows that the constitutional provision, Section 4 of Article 16, which relates to the removal of officers not subject to impeachment, is not applicable insofar as the removal of this plaintiff is concerned. In this contention appellant cites and relies upon the case of State ex rel. Ayers v. Kipp, 10

S. D. 495, 74 N. W. 440, 442, which holds that this constitutional provision wherein it refers to "all officers" was intended to apply only to officers designated in the Constitution. Appellant then argues that, there being no constitutional provision relating to the removal of this plaintiff, any attempted removal by any person or body other than a court would be in violation of the constitutional provision, Section 1 of Article 5, which vests the judicial power of the state in the various courts created either by the Constitution or the legislature. It is contended that this power of removal for cause is a judicial power and, unless some constitutional provision permits, it must under the constitutional provision referred to be exercised only by a court. We believe this contention of the appellant is answered in the Kipp case. The court in that case, after referring to the constitutional provisions relating to the removal of public officers, said:

"Thus, we have a class of state officers only removable by impeachment; a class of state officers and county officers only removable for cause, but in such manner as may be provided by law; and a large class of township, municipal, district officers, and officers created by the legislature whose tenure of office and manner of removal are entirely within the control of the legislative power. The office of the commissioner of insurance comes clearly within the latter class, and the term of office of the incumbent may be terminated in such manner as the legislature may prescribe. * * * It appears from an examination of the various acts of the legislature that a large number of new offices have been created, in all of which some special provision for the removal of the incumbent has been made. But in no case has it apparently been regarded by that body or the state executive as necessary to observe the provisions of sections 3 and 4 of article 16; and hence the power of removal has been conferred upon the governor in various forms,—in some for cause, and in others without cause."

In this connection see also, Territory ex rel. French v. Cox, 6 Dak. 501; State ex rel. Shaw v. Frazier, 39 N. D. 430, 167 N. W. 510; State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545; Holliday v. Fields, 207 Ky. 462, 269 S. W.

539; Lynch v. Chase, 55 Kan. 367, 40 P. 666, 667. In the last cited case, the Kansas court said:

"It is first insisted that the judicial power of the state is vested in the courts, and not in the governor, and that, therefore, he had no right to try and determine the charges made against the defendant, nor to make an order or render a judgment which would operate to oust the defendant from his office. Although the power to hear and determine is of a judicial nature, it is such a power as is frequently conferred on executive and administrative officers. It does not follow that, because the governor or other functionary hears, considers, and decides, he performs a judicial function which belongs exclusively to a judicial officer or tribunal. * * * The decided weight of authority is that, while the proceeding to remove from office for cause involves the examination of facts and the exercise of judgment and discretion by the executive officer, his action is not judicial in the sense that it belongs exclusively to the courts. State v. Hawkins, 44 Ohio St. 98, 5 N. E. 228; Conner v. Mayor, 5. N. Y. 285; State v. McGarry, 21 Wis. [496], 502; State v. Prince, 45 Wis. 610; Keenan v. Perry, 24 Tex. 253; State v. Doherty, 25 La. Ann. 119 [13 Am. Rep. 131]; Taft v. Adams, 3 Gray, 126; Ex parte Wiley, 54 Ala. 226; Patton v. Vaughan, 39 Ark. 211; Wright v. Defrees, 8 Ind. [298] 301; Donahue v. Will Co., 100 Ill. 94; Cameron v. Parker (Okl.) [2 Okl. 277] 38 P. 14, and cases cited; Rankin v. Jauman (Idaho) [4 Idaho 53] 36 P. 502, Throop, Pub. Off. §§ 19, 345."

We are of the opinion that it is within the authority of the legislature to vest in the Governor this power of removal as it has been vested in Section 10 of the 1936 act, now SDC 17.0803.

It follows, we believe, that the Governor, insofar as the removal of this plaintiff is concerned, when he acted under this statute, acted in the same capacity as the former Governor acted in the removal of the constitutional officer, Craig, when he acted under the constitutional provision and the statute adopted pursuant thereto, SDC 48.0201. In this proceeding, which is in prohibition, this court will review

the action of the Governor only for the purposes of determining whether he acted in excess of his jurisdiction or in excess of the powers or authority conferred upon him by law; the court looks to the evidence only to determine whether there is any competent evidence to support the Governor's action. Craig v. Jensen, supra. We have reviewed the record, and after such review, we are convinced that the trial court was correct in concluding that there was competent evidence before the Governor sufficient upon which to base the order of removal. No object would be served in a discussion of the facts or the evidence. Other error assigned by appellant we deem without merit.

The judgment of the trial court is affirmed. No costs to be taxed.

POLLEY, J., absent and not sitting.