**STATE of Missouri ex rel. William R. SCHOTT and Schott and Company, Inc., Relators,**

v.

**The Honorable James N. FOLEY, Associate Circuit Judge, Respondent.**

No. 53778.

Missouri Court of Appeals, Eastern District, Division Six.

Dec. 8, 1987.

112

Terrance J. Good, Jeffrey J. Lowe, Lashly, Baer & Hamel, P.C., St. Louis, for relators.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, Albert C. Lowes, Lowes & Drusch, Cape Girardeau, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relators seek our writ prohibiting enforcement of the order which found accountant Robert Earley incompetent to testify in a professional negligence action against another accountant. The lower court based its order on the accountant-client privilege, § 326.151, RSMo.1986. We make our preliminary order absolute.

From 1960 to 1977, Robert Earley served as a tax accountant for Jerry Lipps, Ruth Lipps, and the Lippses' two companies, Jerry Lipps, Inc. and Astro Rentals, Inc. In June of 1977, the Lippses hired William Schott of Schott and Company, Inc. to prepare income tax returns and give tax advice. In 1984, the IRS audited the Lippses and their corporations and assessed substantial penalties. Subsequently the Lippses, individually and by their two corporations, filed suit against Schott and Schott's company. The fourteen count petition alleged professional negligence relating to improper income tax preparation and advice. Defendants asserted affirmative defenses including comparative negligence and assumption of the risk.

Defendants deposed Robert Earley, but at the deposition, plaintiffs asserted their rights under § 326.151. This precluded Earley from producing any records or testifying on any advice he gave to or conversations he had with the Lippses. On September 22, 1986, the trial judge found Early incompetent to testify pursuant to § 326.151. Defendants' subsequent motion for reconsideration of this issue was denied.

Defendants then filed this petition for a writ of prohibition. The petition alleges that the trial court had no discretion to take the above actions. Relators first claim that under the terms of the statute the accountant-client privilege does not exist in this case. Alternatively, they claim that plaintiffs waived the privilege by: (1) putting their accounting practices at issue in the pleadings and by naming a present and a former accountant as expert witnesses; (2) giving non-responsive answers during deposition; (3) producing, without objection, a transcript of Earley's testimony before the tax court.

■ Although respondent questions the propriety of prohibition, "there is no question the writ may be used to test whether the trial court abused its discretion in deny-

ing or granting discovery." *State ex rel. Wohl v. Sprague,* 711 S.W.2d 583, 585 (Mo. App.1986). "Prohibition is the proper remedy when a trial court abuses its discretion in a discovery order to the extent that its act exceeds its jurisdiction." *State ex rel. Whitacre v. Ladd,* 717 S.W.2d 287, 287 (Mo.App.1986). "Prohibition is also appropriate where a trial judge seeks to permit discovery which is expressly forbidden by statute." *State ex rel. Williams v. Mauer,* 722 S.W.2d 296, 297 (Mo. banc 1986). We believe the writ is equally appropriate to prohibit a trial judge from denying statutorily authorized discovery.

■ In the underlying action, the trial court ruled that Robert Earley was incompetent to testify pursuant to § 326.151, RSMo.1986, which provides:

*Communication of client to accountant or employee privileged—shall not be examined thereon without client's consent*—A certified public accountant or a public accountant shall not be examined by judicial process or proceedings without the consent of his client as to any communication made by the client to him in person or through the media of books of account and financial records, or his advice, reports or working papers given or made thereon in the course of professional employment, nor shall a secretary, stenographer, clerk or assistant of a certified public accountant, or a public accountant, be examined, without the consent of the client concerned, concerning any fact the knowledge of which he has acquired in his capacity. This privilege shall exist in all cases except when material to the defense of an action against an accountant.

Respondent would have us read the final sentence of this statute as eliminating the privilege only when the matter is material to the defense of an action against *the* accountant. In support of this contention he cites Missouri Evidence Restated, § 506.3 (Mo. Bar 1984). However, that simply is not what the statute says. We are not at liberty to construe clear, unambiguous statutory language; rather, we must be guided by what the legislature said, not what others may think it meant to say. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo.banc 1986). The statute clearly excludes enforcement of the privilege in any case against any accountant.

■ Respondent attempts to support the order by arguing that Earley's testimony would not be "material to the defense" of the action. Plaintiffs' petition alleges Schott was negligent in the rendering of professional accounting services. Schott has asserted affirmative defenses including, among other allegations, that plaintiffs were guilty of comparative negligence and assumption of the risk by establishing and continuing certain practices "after being warned by prior accountants and defendants of the risks involved in such practices." The testimony of a prior accountant who may have given such warnings is clearly material to these defenses.

The statutory exclusion from the accountant-client privilege when material to the defense of an action against an accountant is nothing more or less than a legislative pronouncement that the filing of such an action is an implicit waiver of the privilege. In similar fashion, the Supreme Court, in *State ex rel. McNutt v. Keet,* 432 S.W.2d 597 (Mo.banc 1968), found that a plaintiff who puts his physical condition at issue implicitly waives the physician-patient privilege. The "material to the defense" requirement of § 326.151 is comparable to the *McNutt* caveat that the trial court is authorized "upon proper showing" to issue protective orders limiting discovery to medical treatment which has a bearing on the claimed injuries. *Id.* at 602. One who seeks to discover information is seldom in a position to establish the relevance or materiality of the information until it is disclosed. On the other hand, the possessor can demonstrate the absence of relevance or materiality of the information. Accordingly, the party seeking to avoid discovery bears the burden of making the "proper showing" warranting the issuance of a protective order. Rule 56.01(c). Plaintiffs in the underlying action have made no such showing.

We need not address relators' additional contentions of waiver. Respondent exceeded his jurisdiction by denying discovery authorized under § 326.151. We make the preliminary order in prohibition absolute.

DOWD, J., and SIMEONE, Senior Judge, concur.