Judy CORRIGAN

v.

METHODIST HOSPITAL, Sanford H. Davne, M.D. and Donald Myers, M.D.

Civ. A. No. 94–1478.

United States District Court, E.D. Pennsylvania.

Oct. 5, 1994.

Joseph L. Messa, Jr., Thomas W. Sheridan, Giuliana F. Robertson, Mark W. Tanner, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for plaintiff.

Nancy A. Nolan, Kimberly A. Cummings, Post & Schell, P.C., Philadelphia, PA, for defendant Methodist Hosp.

Kevin H. Wright, Amalia V. Romanowicz, Wright, Young & McGilvery, P.C., Plymouth Meeting, PA, for defendant Sanford H. Davne, M.D.

Daniel F. Ryan, III, Christine A. Egan, O'Brien & Ryan, Plymouth Meeting, PA, for defendant Donald Myers, M.D.

### *MEMORANDUM*

JOYNER, District Judge.

Plaintiff, Judy Corrigan, has moved this Court to compel discovery of Sanford H. Davne, M.D. Plaintiff alleges that Davne has not responded to certain of her discovery requests and has offered improper objections to other discovery requests. As will be discussed more completely below, the Motion is Granted in part and Denied in part.

This suit stems from the alleged misdiagnosis and treatment of a meningiomal tumor located in Plaintiff's thoracic spine by Davne and his co-defendant, Dr. Myers. The suit further alleges that all of the defendants failed to advise Plaintiff that they planned to utilize the AcroMed VSP plate and pedicle screw system in the surgery, that the defendant doctors had a financial interest in the company that manufactured that screw system and that the use of the said plate and screw system in such surgeries was still considered to be investigational by the FDA. Plaintiff's complaint also includes a count alleging that Methodist Hospital was negligent in its extension of operating privileges to Drs. Davne and Myers in that it knew or should have known that the doctors were reputed to be "overly aggressive and indiscriminate surgeons who were the subject of numerous lawsuits and whose medical judg-

ment was in question, and despite the fact that Methodist's Physician Review Board unanimously rejected the extension of privileges to Defendants, Myers and Davne."

This Motion seeks to compel seven separate sets of discovery. This Memorandum will utilize the structure that both parties used in their responsive briefs.

1. *Plaintiff's Interrogatories nos. 5–8; Plaintiff's First Request for Documents no. 6.*

■ Plaintiff's Motion seeks to compel discovery of the above discovery requests. Plaintiff, however, does not discuss the requests in her Memorandum of Law in Support of Plaintiff's Motion to Compel Full and Complete Discovery Responses from Defendant, Sanford H. Davne, M.D. (Plaintiff's Brief).

Davne argues, without support, that the failure to discuss the requests is equivalent to a waiver of the motion. This is incorrect. Local Rule of Civil Procedure 24(g) provides that a "routine motion to compel answers to interrogatories or to compel compliance with a request for production ... wherein it is averred that no response or objection has been timely served, need have no accompanying brief. . . . The court may summarily grant or deny such motion without waiting for a response." Local Rule 24(g).

Accordingly, Davne is instructed to answer Plaintiff's Interrogatory numbers 5–8 and Plaintiff's First Request for Production of Documents number 6 within one week of the date of the attached Order.

2. *Plaintiff's First Request for Production of Documents nos. 7, 12, 25, 27, 28.*

Plaintiff asserts in her Brief that Davne has not objected to these requests, yet has not responded to them either. In his response, Davne avers that he has responded to the above requests and supplied all the information requested, with the exception of Document Request numbers 7 and 27. Davne explains that he has produced all the information he has regarding Plaintiff's medical records, except for her prescription records. However, to produce the prescription

records, he must review Plaintiff's pharmacy records. According to Davne, he has ordered Plaintiff's pharmacy records and as soon as he receives them, he will be able to produce Plaintiff's prescription records.

It appearing to the Court that Document Requests numbers 25, 27 and 28 have been answered, the Motion to Compel responses to them are DENIED as MOOT. However, we GRANT Plaintiff's Motion to Compel Documents numbers 7 and 27 and ORDER that they be answered within one week of Davne's receipt of the pharmacy records he has ordered.

3. *Plaintiff's First Request for Production of Documents nos. 24 and 34; Plaintiff's Second Request for Production of Documents no. 1; and Plaintiff's Request for Production of Documents (Set III) nos. 1–4.*

Plaintiff seeks in these documents requests (some of which are identical to others) information relating to Davne's financial or other involvement with AcroMed Corporation. AcroMed is the business that manufactured the VSP Plates and screws that were implanted into Plaintiff's spine. Plaintiff alleges that Davne was offered a position on the Medical Advisory Board of AcroMed, as well as financial opportunities, such as stock options. Plaintiff alleges that these contacts "adversely affected his ability to objectively render appropriate medical care to Plaintiff." Plaintiff's Brief at 4. She further alleges that in his initial response to her document request and in his deposition, Davne has admitted the existence of documents relevant to the requests.

First, Davne denies that he has any records responsive to this request. He alleges that his initial response admitting the existence of relevant documents was a typographical error, but does not discuss the documents he admitted possessing in his deposition. Second, Davne asserts that even if he did have responsive documents, they would not be relevant to this action and so would be undiscoverable.

Relevance for discovery purposes is defined broadly. The Federal Rules of Civil Procedure permit discovery "regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). "It is not ground for objection that the information sought will be inadmissable at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

■ The party opposing discovery has the burden to raise an objection, then the party seeking discovery must demonstrate the relevancy of the requested information. *Amcast Indus. Corp. v. Detrex Corp.,* 138 F.R.D. 115, 118 (N.D.Ind.1991). Once this showing is made, the burden switches again to the party opposing discovery to show why discovery should not be permitted. *Id.*

■ Relevancy is broadly construed, and determined in relation to the facts and circumstances of each case. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 265–66 (E.D.Pa.1992) (citing *Continental Access Control Sys. v. Racal–Vikonics,* 101 F.R.D. 418 (E.D.Pa. 1983); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 61 (E.D.Pa.1979)). When there is doubt about relevance, a court should tend toward permitting discovery. *Id.* at 265 (citing *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed.Cir.1986)).

■ We find that Davne's financial or other involvement in AcroMed is relevant to Plaintiff's assertion of a conflict of interest. Contrary to Davne's argument, this information is not relevant solely on the issue of conspiracy, a claim that has been dismissed, or on Plaintiff's punitive damages claim.

Davne has responded to request number 24 that he has no responsive documents, but has not responded to request number 34. We DENY as MOOT Plaintiff's Motion to Compel answer to Document Request number 24, but remind Davne of Federal Rule of Civil Procedure 26(e), which concerns a party's duty to supplement discovery responses. However, Plaintiff's Motion to Compel answers to Document Request number 34, Plaintiff's Second Request for Documents number 1 and Plaintiff's Request for Documents (Set III), number 1–4, is GRANTED.

*4. Plaintiff's First Request for Documents nos. 29 and 33.*

■ These document requests seek complaints and expert reports from "any other medical malpractice lawsuits, pending or resolved" against Davne. He objects to these requests on the ground that they are overbroad, irrelevant and seek privileged information.

We agree with Davne that the requests are overbroad. The requests seek information covering Dr. Davne's entire career, without any limit to type of malpractice case. This seeks both relevant and irrelevant information. Accordingly, Plaintiff's Motion to Compel answers to Document Request numbers 29 and 33 are DENIED.

■ In anticipation that Plaintiff will properly modify her requests, we address Davne's other objections to these requests. First, these requests, if modified, would seek relevant information. Plaintiff alleges that Davne was negligent in part because he performed the same type of inappropriate surgery on many other people for the purposes of his own research. Whether he has been sued by other patients could, therefore, lead to admissible evidence on the issue of negligence. Accordingly, we find that a properly limited discovery request would be relevant.

■ Second, Davne objected to request number 33, which seeks expert reports from any other suits, on the ground that "some of the requested information could be privileged." As such, this is an inadequate objection. Federal Rule of Civil Procedure 26(b)(5) states that when a party asserts a privilege, the party should "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5); *Stabilus,* 144 F.R.D. at 268.

*5. Plaintiff's First Request for Production of Documents nos. 15, 31 and 32.*

■ In these requests, Plaintiff seeks documents relating to records of medical confer-

ences concerning the care, diagnosis and treatment of Plaintiff, incident reports, staff privileges, and surgeries involving the pedicle screw or other spine surgeries.

Davne states first that he has no documents responsive to this request, and second, if he had, they would be protected by the Pennsylvania Peer Review Protection Act, 63 P.S. § 425.4. Because Davne has answered this request, albeit with a negative answer, we DENY Plaintiff's Motion to Compel Request for Document numbers 15, 31 and 32 as MOOT. However, we remind Davne of his obligation to supplement his discovery responses under Federal Rule of Civil Procedure 26(e) and hold that the ruling stated in our Order of July 11, 1994 regarding the peer review privilege applies equally to Davne.

Accordingly, to assert the peer review protection to any documents that are responsive to these requests, Davne must first certify and/or testify as to (1) the source of his or her knowledge, (2) whether the information and documents sought by Plaintiff derive solely from the proceedings and records of the hospital's peer review committee(s) and (3) that those records and proceedings arose out of matters which are the subject of evaluation and review by those committee(s). Should he be unable to so certify or testify (under oath and subject to the appropriate statutes governing unsworn falsification to authorities), responsive testimony shall be given to the Plaintiff's questions and the requested documents and materials shall be produced.

### 6. Plaintiff's First Request for Production of Documents no. 20.

▇ In this request, Plaintiff seeks *all* documents provided to Davne's expert witnesses. Davne has provided Plaintiff with all the documents upon which his experts relied in forming their conclusions, but maintains that this is the extent of his discovery obligations. In his support, Davne cites to Federal Rule of Civil Procedure 26(a)(2). This requires a party to disclose "the data or other information considered by the [expert] witness in forming the[ir] opinions." Fed.

R.Civ.P. 26(a)(2)(B). Davne's reliance on this clause is misplaced.

Rule 26(a) concerns Required Disclosures only. The rules specifically provide for the discovery of additional matter in 26(a)(5). Moreover, in the Comments to the 1993 Amendments to the Rules, the Committee stated that 26(a)(1–4) "impose[ ] on parties a duty to disclose, without awaiting formal discovery requests, certain basic information.... The enumeration in 26(a) of items to be disclosed does not ... preclude [parties] from using traditional discovery methods to obtain further information regarding these matters."

Here, Plaintiff has used traditional discovery methods to obtain further information, and, barring other relevant objections, Davne must comply. Accordingly, Plaintiff's Motion to Compel Production of Document, number 20, is GRANTED.

### 7. Plaintiff's First Request for Production of Documents no. 13; Plaintiff's Surveillance Interrogatories.

▇ Plaintiff seeks in these requests information regarding any surveillance of her Davne may have undertaken. Davne objects to these requests on the ground that they seek impeachment and rebuttal evidence as well as attorney work product.

Davne's first argument is similar to one already addressed, namely, that Federal Rule of Civil Procedure 26(a)(3) does not permit discovery of impeachment evidence. For the same reasons discussed above, this argument is not persuasive. Rule 26(a)(3) simply governs Required Disclosures. Here, Plaintiff has exercised her right to use discovery to gain additional information. Accordingly, without an objection, Davne must produce any responsive materials.

However, Davne further objects on the ground that the requests seek attorney work product. He cites *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145 (S.D.Ind. 1993) as support for his proposition that surveillance evidence is privileged attorney work product.[1] Davne's reliance on this case is misplaced, however.

---

**1.** The other cases Davne cites are inapposite

since they concern the scope of the work product

*Fisher* actually held that "[a]lmost uniformly, [ ] courts have held that evidentiary films or videotapes must be provided to the opposing party prior to trial." 152 F.R.D. at 150 (citing cases). *Fisher* went on to explore the issue of materials that would *not* be used at trial. It held that when tapes or other materials would not be used at trial, then they did constitute attorney work product, and were therefore privileged. Here, Davne argues that any surveillance materials, if they exist, may be used at trial for impeachment or rebuttal purposes. Therefore, this case is different from *Fisher*, in that *Fisher* involved materials that would not be used at trial under any circumstances, and this case involves surveillance materials that may be used at trial.

■ Because of this distinction, we hold that the general rule applies and any surveillance materials are discoverable, within the context of the attorney work product doctrine. *See Snead v. American Export–Isbrandtsen Lines*, 59 F.R.D. 148, 150–51 (E.D.Pa.1973) (surveillance materials discoverable because unavailable by other means and substantial need shown); *Blyther v. Northern Lines, Inc.*, 61 F.R.D. 610 (E.D.Pa. 1973). The general rule states that "[b]efore any of these disclosures, however, the defense must be given an opportunity to depose the plaintiff fully as to [her] injuries, their effects and [her] present disabilities." *Snead*, 59 F.R.D. at 151.

Accordingly, Plaintiff's Motion to Compel Answers to Document request number 13 and Plaintiff's Surveillance Interrogatories is GRANTED, and Davne must respond within one week of completing Plaintiff's deposition.

An appropriate order follows.

### *ORDER*

AND NOW, this 5th day of October, 1994, upon consideration of Plaintiff's Motion to Compel Full and Complete Discovery Responses from Defendant, Sanford H. Davne, M.D., and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART.

privilege in general, and not surveillance materi-

1. Defendant Davne is hereby ORDERED to answer Interrogatory nos. 5–8; Plaintiff's First Request for Production of Documents nos. 6, 20, 34; Plaintiff's Second Request for Production of Documents no. 1; Plaintiff's Request for Production of Documents (Set III) nos. 1–4 within one week of the date of this Order.

2. Defendant Davne is hereby ORDERED to answer Document Request nos. 7 and 27 within one week of Defendant Davne's receipt of the pharmacy records he has ordered.

3. Defendant Davne is hereby ORDERED to answer Document Request no. 13 and Plaintiff's Surveillance Interrogatories within one week of completing Plaintiff's deposition.

4. It appearing to this Court that Document Requests numbers 15, 24, 25, 27, 28, 31 and 32 have been answered, the Motion to Compel their answers is DENIED as MOOT.

5. Plaintiff's Motion to Compel answers to Document Request numbers 29 and 33 is DENIED.

6. Plaintiff's Request for expenses, including attorney's fees, is DENIED.