**STATE of Missouri, ex rel., Doris E. DIXON, Relator,**

v.

**The Honorable David DARNOLD, Special Judge, 31st Judicial Circuit at Springfield, Respondent.**

No. 21095.

Missouri Court of Appeals, Southern District, Division One.

Feb. 28, 1997.

David W. Ansley, Elizabeth H. Weber, Hall, Ansley, Rodgers & Condry, P.C., Springfield, for relator.

Clifton M. Smart, III, James A. Burt, Strong & Associates, P.C., Springfield, for respondent.

BARNEY, Presiding Judge.

*PRELIMINARY ORDER IN PROHIBITION MADE ABSOLUTE WITH DIRECTIONS.*

This is an original proceeding in prohibition, the objective of which is to prohibit the trial judge (Respondent) from enforcing portions of his order sustaining the objections of Lester E. Cox Medical Centers (Cox Medical) to certain requests for production propounded by Doris E. Dixon (Relator). Heretofore, we issued a preliminary order which we now make absolute.

Relator, as plaintiff in the underlying medical negligence action, brought a claim against several Springfield, Missouri, physicians and Cox Medical seeking recovery of damages. In the course of discovery proceedings Relator submitted her first request for production of documents to Cox Medical pursuant to Rule 58.01.[1] Respondent sustained Cox Medical's objections as to 13 requested documents. Cox Medical had objected to each of the requested documents on the basis that the "information sought is protected from discovery pursuant to R.S.Mo. § 537.035" (the Peer Review Statute) and cited *State ex rel. St. Anthony's Med. Ctr. v. Provaznik,* 863 S.W.2d 21 (Mo.App.1993) in support.[2]

## I.

A trial court is allowed broad discretion in the control and management of discovery. *State ex rel. Lichtor v. Clark,* 845 S.W.2d 55, 59 (Mo.App.1992). It is only for an abuse of discretion amounting to an injustice that the appellate courts will interfere. *Id.* " 'A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' " *Id.* (quoting *State ex rel. Metro. Transp. Servs., Inc. v. Meyers,* 800 S.W.2d 474, 476 (Mo.App.1990)).

A writ of prohibition may be used to test whether a trial court abused its discretion in denying or granting discovery. *State ex rel. Wohl v. Sprague,* 711 S.W.2d 583, 585 (Mo.App.1986); *see also Lichtor,* 845 S.W.2d at 59 (citing *State ex rel. Whitacre v. Ladd,* 701 S.W.2d 796, 797 (Mo.App.1985)); *State ex rel. Schott v. Foley,* 741 S.W.2d 111, 113 (Mo.App.1987). Prohibition may lie to prevent judicial violation of statutory inhibitions to discovery. *State ex rel. Hayter v. Griffin,* 785 S.W.2d 590, 593 (Mo.App.1990).

The Peer Review Statute, § 537.035, creates a privilege from discovery by immunizing peer review committee "proceedings, findings, deliberations, reports and minutes of peer review committees, including credentials committees, concerning the health care provided any patient." *State ex rel. Faith*

---

1. All Rule references are to Missouri Rules of Civil Procedure (1995), unless otherwise designated. All statutory references are to RSMo 1994, unless otherwise designated.

2. Respondent failed to address three other requests for production numbered 15, 24 and 25. They will not be reviewed herein.

*Hosp. v. Enright,* 706 S.W.2d 852, 856 (Mo. banc 1986).

█ In a prohibition proceeding the burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption of right action in favor of the trial court's ruling. *State ex rel. Vanderpool Feed & Supply Co. v. Sloan,* 628 S.W.2d 414, 416 (Mo.App.1982); *accord Lichtor,* 845 S.W.2d at 59. The reviewing court is limited to the record made in the court below. *State ex rel. Terry v. Holtkamp,* 330 Mo. 608, 51 S.W.2d 13, 16 (1932). The record under review in a prohibition proceeding must be sufficiently developed so that a reviewing court may make a proper determination as to the correctness of the ruling of the trial court. *See St. Anthony's,* 863 S.W.2d at 23. A reviewing court will not weigh the evidence. *Crackerneck Country Club, Inc. v. Sprinkle,* 485 S.W.2d 652, 657 (Mo.App.1972). It will, however, review the evidence for the purpose of determining whether there was any competent evidence to support a finding. *Troiani Bros., Inc. v. Commonwealth of Pa., Public Util. Comm'n,* 36 Pa.Cmwlth. 179, 387 A.2d 980, 982 (1978); *Looney v. County Election Board,* 146 Okla. 207, 293 P. 1056, 1059 (1930); *Beckwith v. Bushfield,* 67 S.D. 91, 289 N.W. 421, 422 (1939); *Steigler v. Superior Court in and for New Castle County,* 252 A.2d 300, 305 (Del.1969) *cert. denied* 396 U.S. 880, 90 S.Ct. 160, 24 L.Ed.2d 139 (1969).

## II.

No transcripts of any hearings exist relating to Relator's request for the production of documents. Indeed, the trial court's order of May 31, 1996, makes reference only to having "received and read the suggestions both in opposition and in support of plaintiff's discovery motions." Respective trial counsel at oral arguments before this Court acknowl-

edged that no evidence was presented to the trial court in any form.

█ We acknowledge that there is a proposition of law that states that where no transcript of the proceedings below exists, there is an "assumption" that the record then made provided a reasonable basis for the exercise of the trial court's discretion.[3] *Crackerneck,* 485 S.W.2d at 657. However, given the express circumstances relating to these prohibition proceedings we need not engage in speculation as to whether the record *then made* provided a reasonable basis for the exercise of the trial court's discretion. We rule that it did not. It is clear that the trial court made its determination solely on the basis of arguments of counsel at the hearing and in their briefs. However, the unsworn statements by counsel are not evidence of the facts asserted. *State ex rel. Mo. Highway & Transp. Comm'n v. Rife,* 698 S.W.2d 627, 630 (Mo.App.1985)(citing *Plaas v. Lehr,* 538 S.W.2d 919, 922 (Mo.App.1976)); *accord Executive Jet Management & Pilot Serv., Inc. v. Scott,* 629 S.W.2d 598, 610 (Mo.App.1981). Further, except where facts asserted in a party's brief are conceded to be true by the adversary party, statements in briefs are not evidence and are insufficient to supply essential matters for review. *Nenninger v. Department of Social Servs.,* 898 S.W.2d 112, 117 (Mo.App.1995).

In the trial court, Relator requested the production of documents relating, *inter alia,* to:

> quality assurance/quality management flow sheet ...; infection data collection sheet ...; written documentation by the infection control nurse ...; [a]ny quality assessment (QA) ... abstract forms ... utilized by the quality assessment and/or quality management department ...; [a]ny trend sheet prepared from any QA and/or QM abstract form or work sheets

---

3. In *Fine v. Waldman Mercantile Co.,* 412 S.W.2d 549 (Mo.App.1967), we find an equally compelling legal maxim holding that "[w]here the propriety of granting a motion depends on evidence but no evidence appears in the transcript, we cannot presume that proper evidence was adduced." *Id.* at 552. "To the contrary, if the transcript fails to show evidence was adduced, we must presume evidence was not adduced."

*Id.* Likewise it has been held that an appellate court may not assume as a fact something which does not appear from the record and base a ruling thereon. *See Foster v. Laba,* 402 S.W.2d 619, 623 (Mo.App.1966); *see also Sherman v. Philips Indus., Inc.,* 560 S.W.2d 154, 156 (Tex. Civ.App.1977); *Smith v. Davis,* 76 Ga.App. 154, 45 S.E.2d 237, 240 (1947).

...; transmittal sheets or memos generated to or from the infection control nurse or infection control department ...; written minutes from an Infection Control Committee meeting ...; [a]ny transmittal written to the Infection Control Coordinator or nurse ...; [a]ny transmittal written to the Risk Management Department from any member of the QA Department ...; [t]he 1994 Semi–Annual Reports of the nosocomial infection rates of Drs. Wakeman, Kerber and Gibson compiled by the Infection Control Coordinator.

Outside the arguments of counsel, the record is devoid of any evidence explaining what any of the foregoing technical terms mean, particularly in relation to the provisions of the Peer Review Statute and its impact on Relator's right to obtain copies of the requested documents. On its face, there was no competent evidence supporting the trial court's findings. *See Looney*, 293 P. at 1059; *Troiani Bros.*, 387 A.2d at 982.

The general rule of discovery is that parties may obtain information regarding any matter relevant to the subject matter involved in the pending action so long as the matter is not privileged. *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995); *see also* Rule 56.01(b)(1). It is not grounds for objection that the information may be inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Rule 56.01(b)(1). *State ex rel. Plank v. Koehr*, 831 S.W.2d 926, 927 (Mo. banc 1992).

█ Where the party opposing a discovery is in control of facts peculiarly within that party's knowledge, as was the case in the instant proceedings, and it is asserting a privilege or immunity from the discovery request, the burden of proof must necessarily shift from the proponent of discovery to the opponent of discovery. *See* 1 Mo. CIVIL TRIAL PRACTICE, § 5.61 (MoBAR 2D ED.1988); *see also* discussion of blanket assertion of privilege in *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76, 80 (Mo. banc 1984), *infra*.

Few Missouri cases discuss this facet of the discovery process. However, the general scope of discovery set by Rule 56.01(b)(1) is similar to Rule 26(b) of the Federal Rules of Civil Procedure. Therefore, cases interpreting the federal rule are instructive in this area. *See* 1 Mo. CIVIL TRIAL PRACTICE, § 5.3 (MoBAR 2D ED.1988); *see also* Rule 34 of the Federal Rules of Civil Procedure, relating to production of documents.

█ Where a privilege is asserted and then challenged, the burden rests upon the party claiming the privilege to establish that the material is, in fact, not discoverable. *In re Perrier Bottled Water Litigation*, 138 F.R.D. 348, 351 (D.Conn.1991) (citing *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305 (S.D.N.Y.1982)); *Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D.La.1988); 23 AM.JUR.2D *Depositions and Discovery* § 29 (1983). The party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied. *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan.1994); *F.T.C. v. Shaffner*, 626 F.2d 32, 37 (7th Cir.1980). A failure of proof as to any element of the privilege causes the claim of privilege to fail. *Kelling*, 157 F.R.D. at 497; *Bulk Lift Intern., Inc. v. Flexcon & Systems, Inc.*, 122 F.R.D. 482, 492 (W.D.La. 1988).

█ We also note that in the context of assertions of work product privilege, the Supreme Court of Missouri held in *Friedman*, 668 S.W.2d at 80, that " 'blanket assertions of privilege' will not suffice to invoke its protection." In *Faith Hosp.*, 706 S.W.2d at 856, the Supreme Court of Missouri denied prohibition relief against a trial court's order overruling a hospital's objections to the discoverability of certain incident reports prepared by the hospital. The Court stated that the record "contains only the bare allegation that these reports were prepared [in anticipation of litigation]. [The hospital has] made no attempt to describe the report or the circumstances under which they were made. *Blanket assertions of the work-product privilege will not suffice to invoke its protection.*" *Id.* (Emphasis added). In like manner, blanket assertions of privilege pursuant to the Peer Review Statute are insufficient to invoke its protection. This is because the stat-

ute does not provide for *total* immunity from discovery of all records concerning the health care provided any patient. Rather, "the public policy of this state [is] that peer review committee proceedings, to the extent they address the health care provided any patient, are immune from discovery." *Faith Hosp.,* 706 S.W.2d at 855–56. Thus:

> [I]nformation otherwise discoverable or admissible from original sources is not to be construed as immune from discovery or use in any proceeding merely because it was presented during proceedings before a peer review committee nor is a member, employee, or agent of such committee, or other person appearing before it, to be prevented from testifying as to matters within his personal knowledge and in accordance with the other provisions of this section, but such witness cannot be questioned about testimony or other proceedings before any health care review committee or board or about opinions formed as a result of such committee hearings.

§ 537.035.4. Therefore, a party opposing a request for discovery on the basis of the Peer Review Statute, must make a showing as to how the requested discovery violates the statute's provisions. See procedures outlined in *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54 (E.D.Pa.1994)[4].

### III.

In *Metropolitan Transp.,* 800 S.W.2d at 476, the trial court gave no reason for its order. The Western District of this Court found that the trial court's failure to state reasons for its discovery ruling was a clear abuse of discretion, under circumstances where, without appropriate explanation, the trial court's actions relating to discovery appeared illogical, capricious and arbitrary. *See also State ex rel. Soete v. Weinstock,* 916 S.W.2d 861, 863 (Mo.App.1996). In the ab-

sence of probative evidence before it with which to make its determination and in its failure to state the reasons for its discovery ruling, the trial court acted in an arbitrary and unreasonable manner. This constituted an abuse of discretion. *State ex rel. Lichtor v. Clark,* 845 S.W.2d at 59.

Our preliminary order in prohibition is made absolute and Respondent is ordered to overrule Cox Medical's objections to Relator's first request for production of documents numbered 10, 12, 14, 20, 21, 22, 23, 26, 27, 29, 30, 31 and 32.

GARRISON and PREWITT, JJ., concurs.

---

4. *Corrigan* relates to Pennsylvania's Peer Review Protection Act, 63 P.S. § 425.4, which in its key parts substantively tracks the Missouri Peer Review Statute. The *Corrigan* court held that to assert the peer review protection, the proponent of the privilege had to: "[F]irst certify and/or testify as to (1) the source of his or her knowledge, (2) whether the information and documents sought ... derive solely from the proceedings and records of the hospital's peer review

committee(s) and (3) that those records and proceedings arose out of matters which are the subject of evaluation and review by those committee(s). Should [the proponent of the privilege] be unable to so certify or testify (under oath and subject to the appropriate statutes governing unsworn falsification to authorities), responsive testimony shall be given to the Plaintiff's questions and the requested documents and materials shall be produced." *Corrigan,* 158 F.R.D. at 58.