**STATE of Missouri, ex rel., Celeste Marianne Whitney WILSON, Relator,**

v.

**The Honorable Winston DAVIS, Family Court Commissioner, Circuit Court of Greene County, Respondent.**

No. 22403

Missouri Court of Appeals, Southern District, Division Two.

Nov. 19, 1998.

Craig F. Lowther, Springfield, MO, for Appellant.

Susan S. Jensen, Springfield, MO, for Respondent.

BARNEY, Judge.

In connection with her underlying litigation seeking modification of her dissolution of marriage decree relating to child support, Celeste Marianne (Whitney) Wilson (Relator) filed *three* successive notices of her intent to depose Debbie Slumskie. Each notice required Ms. Slumskie to produce certain documents in her possession and control in her capacity as custodian of the books and records of Whitney Mechanical Contractors, Inc. (the Corporation).[1] *See* Rule 57.03(b)(3).[2] The Honorable Winston Davis (Respondent)

---

**1.** In Relator's first notice to take the deposition of Ms. Slumskie she requested Ms. Slumskie bring 15 categories of documents to the deposition. In her second and third notices to take her deposition, Ms. Slumskie was requested to bring with her, respectively, 10 and 9 categories of documents.

**2.** All Rules references are to Missouri Court Rules (1998).

sustained each of Debbie Slumskie's three, successive motions to quash. Relator avers in this proceeding that Respondent abused his discretion in quashing Relator's third notice to take the deposition of Ms. Slumskie, attendant with the production of certain documents at the time of deposition. We order that this Court's preliminary order in prohibition, as modified, *infra,* be made absolute.

## I.

Relator is seeking an increase in the amount of monthly child support payments she presently receives from her former husband, Michael Whitney (Michael), a shareholder and employee of the Corporation. Relator believes that Michael has a larger financial interest in the Corporation (and thus additional financial resources available for child support) than he revealed in his deposition testimony. Relator contends that the deposition testimony of Debbie Slumskie and the documents she was requested to bring to the depositions were germane and reasonably calculated to lead to the discovery of admissible evidence in the underlying modification action in that: (1) Michael's financial resources are relevant to the determination of the appropriate child support amount; (2) Michael has not disclosed all information relating to his financial resources; and (3) there are sufficient facts developed in the underlying action to justify Relator's inquiries pertaining to Michael's income and ownership interest in the Corporation.

## II.

■ A writ of prohibition "will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998). "Prohibition is the proper remedy when a trial court has abused its discretion in a discovery order to the extent that its act exceeds its jurisdiction." *State ex rel. Lich-*

*tor v. Clark,* 845 S.W.2d 55, 59 (Mo.App. 1992). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and [is] so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 68 (Mo.App.1997).

■ The parties to litigation are normally permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved. *In re Marriage of Hershewe,* 931 S.W.2d 198, 201 (Mo.App. 1996); *see also* Rule 56.01(b)(1). " 'Relevant' includes material 'reasonably calculated to lead to the discovery of admissible evidence.' " *Id.* "It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 56.01(b)(1); *see also Darnold,* 939 S.W.2d at 70; *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 927 (Mo. banc 1992).

■ We observe that in determining the proper amount of child support payments, in a modification of child support action, Rule 88.01 requires the trial court to consider the financial resources and needs of the child, the financial resources and needs of the parents, and the standard of living the child would have enjoyed had the marriage not been dissolved. Rule 88.01; *Boudreau v. Benitz,* 827 S.W.2d 732, 735 (Mo.App.1992).

In the instant matter, Relator deposed her former husband on two separate occasions in an attempt to ascertain all financial resources available to him in order to calculate his monthly child support obligation. Relator avers that in his deposition testimony, her former husband was evasive, uncooperative and continually referred Relator's counsel to Debbie Slumskie when he was questioned regarding his financial benefits and interest in the Corporation, in which he is a shareholder. A brief review of Michael's deposition testimony gives some credence to Relator's allegations.[3]

3. Michael declined to answer many of Relator's counsel's questions on various matters. Relator's counsel was also directed to "notice up" Debbie Slumskie by Michael's counsel when Re-

lator inquired into the identity of the shareholders of the Corporation and its financial prosperity.

From the record, we deduce that the Corporation is a "closely held" corporation, sometimes referred to as a "close corporation." The record shows that Michael is one of approximately ten shareholders of the Corporation. All of the shareholders appear to be family members. *See* § 351.755, RSMo 1994; 18 C.J.S. *Corporations* § 5 (1990)(a close corporation is one in which the stock is held in few hands, and the common stock is not frequently bought or sold).[4] In *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), our Supreme Court noted that "in a closely held corporation the shareholders may have a superior opportunity for manipulation of corporate activities and control of corporate and individual assets." *Id.* at 827 n. 9.

In support of Relator's hypothesis that Michael may have manipulated or commingled corporate and individual assets, Relator directs our attention to: (1) deposition testimony stating that the Corporation has paid a substantial amount of Michael's personal attorney's fees incurred in the underlying modification action with Relator; and (2) the Corporation has funded various trips that Michael has taken to destinations both inside and outside of the United States.

We note that Relator's third notice to Debbie Slumskie requested Ms. Slumskie produce the following nine categories of documents:

1. Corporate tax returns for the past three years;

2. Financial statements for the Corporation for the past three years;

3. Payroll records and reimbursement records for Michael for the past three years;

4. A copy of any document reflecting a loan to or from the Corporation to Michael for the past three years, including promissory notes;

5. Documents reflecting the number of shares of corporate stock issued and outstanding;

6. The minutes of the Corporation's board of directors' meetings for the past three years;

7. The minutes of the Corporation's stockholders' meetings for the past three years;

8. All checks from the Corporation payable to Ronald Baird [Michael's attorney] or his law firm since this suit was filed;

9. All corporate checks payable to Syner Corporation for the last two years.[5]

Our review of Relator's requested categories of documents to be produced by Debbie Slumskie leads us to conclude that the documents appear to be "relevant to the subject matter involved in the pending action." *See* Rule 56.01(b)(1); Rule 88.01; *State ex rel. Kuehl v. Baker,* 663 S.W.2d 410, 412 (Mo. App.1983). However, we determine that items 6 and 7, *supra,* must be produced to Relator only to the extent that such documents reflect matters discussed by the board of directors or shareholders of the Corporation relative to Michael's financial interest in the Corporation, the payment of his attorney's fees in any personal litigation, and any other financial disbursements or obligations made to Michael or made for his benefit by the Corporation.

Subject to our directions, *infra,* the remaining items enumerated above appear to be "reasonably calculated" to lead to the discovery of admissible evidence of Michael's financial resources and are described with "reasonable particularity." *See Plank,* 831 S.W.2d at 927–28; *Darnold,* 939 S.W.2d at 70; *see also* Rule 58.01(b). Information relating to financial resources available to Michael is relevant to the underlying child support modification. *See State ex rel. Thomasville Wood Prod., Inc. v. Buford,* 512 S.W.2d 220, 222–23 (Mo.App.1974)(discovery of corporate documents and tax returns was permissible where the information

---

**4.** *See also Hoffmann v. Hoffmann,* 676 S.W.2d 817, 829 n. 1 (Mo. banc 1984)(Blackmar, J., concurring in part and dissenting in part)(principal characteristics of a "close corporation" include a small number of stockholders, no ready market for the corporate stock, and substantial majority stockholder participation).

**5.** In his deposition testimony of April 17, 1998, in response to the question, "What's the name of the corporation that you have that starts with an S?" Michael testified that "I don't have a corporation that starts with an S. I had one called Syner Corporation ... I closed it down."

sought was relevant and material to the subject matter of the pending action); *State ex rel. Boswell v. Curtis,* 334 S.W.2d 757, 762–63 (Mo.App.1960); *see also State ex rel. Von Hoffman Press, Inc. v. Saitz,* 607 S.W.2d 219, 221 n. 1 (Mo.App.1980).

 We recognize that some of the documents requested by Relator, as noted above, including corporate tax returns and financial statements, may contain information concerning the Corporation's financial affairs that may not be material or relevant to the pending action. Portions of the requested documents that are not relevant should be redacted through the trial court's supervision. *See Ashton v. Cherne Contracting Corp.,* 102 Md.App. 87, 648 A.2d 1067, 1072 (Md.Ct.Spec.App.1994); *see also Curtis,* 334 S.W.2d at 763–64 (the trial court in some instances may in its discretion hedge the examination of a document with such reasonable restrictions as are possible and practicable in order to protect the privacy in respect to matters not material to the pending action). Indeed, when it is shown that particular items requested to be produced are overly broad or not relevant, "the preferred response for the trial court is to enter an order limiting 'the scope of discovery to certain matters.'" *Plank,* 831 S.W.2d at 929; *see also* Rule 56.01(c)(4); *State ex rel. Dixon Oaks Health Ctr., Inc. v. Long,* 929 S.W.2d 226, 231 (Mo.App.1996).

We find that Respondent abused his discretion in quashing, in its entirety, Relator's third notice of her intent to take the deposition of Debbie Slumskie and to produce documents. *See id.; Hershewe,* 931 S.W.2d at 201. Accordingly, Respondent is directed to enter an order that: (1) permits Relator to depose Debbie Slumskie; and (2) limits the scope of Relator's third (amended) request for production of documents by Debbie Slumskie, all consistent with this opinion. The preliminary order in prohibition, as modified, is made absolute.

SHRUM, P.J. and GARRISON, C.J., concur.