STATE of Missouri EX REL. CORNERSTONE NATIONAL INSURANCE COMPANY, Relator,

v.

The Honorable Michael LIGONS, Respondent.

No. SD 34866

Missouri Court of Appeals, Southern District, Division Two.

Filed June 13, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2017

Application for Transfer to Supreme Court Denied October 31, 2017

Attorneys for Relator: James E. Godfrey, Jr., Deborah A. Suter, Kerry B. Banahan, of EVANS & DIXON, L.L.C., St. Louis, Missouri.

Attorney for Respondent: H. Lynn Henry, of HENRY & WILLIAMS, P.C., West Plains, Missouri.

GARY W. LYNCH, P.J.

WRIT QUASHED

Russell Todd ("Todd") was injured in a motor vehicle accident. Todd made a demand for payment from Cornerstone National Insurance Company ("Cornerstone") for $100,000, representing the amount of underinsured motorist coverage. Cornerstone denied his claim. Todd filed the underlying lawsuit requesting the amount of the underinsured motorist coverage with interest and additional monetary awards for Cornerstone's vexatious refusal to provide the underinsured motorist coverage.

In the course of discovery, Cornerstone objected to certain interrogatories and requests for production. Todd filed a Motion to Compel. The trial court sustained Todd's motion and ordered Cornerstone to comply with Todd's discovery requests, subject to a protective order. Cornerstone filed a petition seeking a writ of prohibition in this court. A preliminary writ was issued.

In a prohibition proceeding the burden is on the petitioning party to show that the trial court exceeded its [authority], and that burden includes overcoming the presumption of right action in favor of the trial court's ruling. The reviewing court is limited to the record made in the court below. The record under review in a prohibition proceeding must be sufficiently developed so that a reviewing court may make a proper determination as to the correctness of the ruling of the trial court.

*State ex rel. Dixon v. Darnold*, 939 S.W.2d 66, 69 (Mo. App. S.D. 1997) (citations omitted).

The trial court's discovery order here was expressly made subject to a protective order that Cornerstone has not made a part of the writ record before us. From that record, we cannot ascertain what the trial court actually ordered Cornerstone to produce or answer. Without knowing the contents of the protective order, we cannot make a proper determination as to whether the "trial court has abused its discretion in a discovery order to the extent that its act exceeds its [authority]." *State ex rel. Wilson v. Davis*, 979 S.W.2d 253, 255 (Mo. App. S.D. 1998).

Therefore, the preliminary writ was improvidently granted and is hereby quashed.

NANCY STEFFEN RAHMEYER, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs